Paige B. BAYOUD, Appellant,

v.

Howard Y. SIGLER, Appellee.

No. 7994.

Court of Civil Appeals of Texas.

Aug. 29, 1977.

Rehearing Denied Sept. 29, 1977.

Lewis R. Sifford, L. W. Anderson, Ralph E. Hartman, Dallas, for appellant.

Ronald R. Waldie, Dallas, for appellee.

STEPHENSON, Justice.

This is a suit brought by Dr. Howard Sigler against Dr. Paige Bayoud for damages because of slander. Trial was by jury and judgment rendered for plaintiff on the verdict.

The jury findings, in essence, are: On two occasions defendant made the statement that plaintiff was an incompetent physician. That defendant also made these statements—that plaintiff was a liar, that plaintiff came to the hospital in a state of intoxication, that plaintiff was of low moral character. That such statements were not substantially true, were slanderous and were motivated by malice. That plaintiff's actual damages were in the amount of $75,000, and exemplary damages, $150,000.

Plaintiff remitted $100,000 of the exemplary damages which were in excess of his pleadings, and judgment was rendered in the amount of $125,000.

Defendant has twenty-three points of error attacking each of the jury findings that there is no evidence and insufficient evidence, and that such findings are contrary to the great weight and preponderance of the evidence. We pass upon the no evidence points by considering only the fa-

vorable evidence and we consider the entire record in passing upon the remaining points.

There are 654 pages in this statement of facts containing the testimony of 22 witnesses. As it occurs too frequently in sharply contested cases, the two versions of the episodes described by the witnesses are alarmingly dissimilar. Passing upon the credibility of the witnesses in order to determine the true facts must have been an exceedingly difficult task for the jury in this case. The animosity between the two medical doctors who were parties to this litigation is clearly shown throughout this record.

The testimony in the record supports plaintiff's version as to the incidents which transpired. Plaintiff is a medical doctor specializing in orthopedic surgery and was associated with the Medical Center Hospital of Garland from 1959 until January, 1973. Defendant was chief of staff and co-owner of that hospital at all times material to this cause of action. Plaintiff treated defendant for five different injuries or illnesses. According to plaintiff, his troubles with defendant began when he refused to falsify a claim and perjure himself regarding an injury for which he treated defendant. They engaged in a confrontation in a hall in the hospital during the course of which defendant made one of the statements about plaintiff's incompetence and about plaintiff being a liar. Such statements were made in the presence of one of plaintiff's patients, her mother, and a friend. The second incident occurred during a dinner preceding a staff meeting in the hospital. In the presence of the several attending doctors, defendant made the second statement about plaintiff's incompetence and also reflecting upon plaintiff's honesty and integrity.

■ Defendant's version, which was supported by witnesses called by him, was entirely different and would have supported jury findings to the contrary. However, there is evidence to support the findings as outlined above, and such findings are not clearly wrong or manifestly unjust. All of the evidentiary points of error are overruled.

Defendant has points of error that both the actual and exemplary damage findings are excessive and that plaintiff's evidence shows no financial damage. The actual damage issue informed the jury it could consider mental anguish, humiliation and embarrassment together with damage to reputation and character as the elements of damages. The definition of "exemplary damages" in the charge was as follows:

"'EXEMPLARY DAMAGES' means an amount which may, in your discretion, award as an example to others and as a penalty or by way of punishment in addition to any amount which may have been found by you as actual damages."

■ The law governing these points is well settled in this state. The term "slander" is applied to oral defamation only. Defamatory language may be actionable per se, that is, in itself, or it may be actionable per quod, that is, only an allegation and proof of special damages. In general, oral words are not actionable without proof of special damages, unless they impute the commission of a crime or affect a person injuriously in his office, profession or occupation. *Bell Pub. Co. v. Garrett Engineering Co.,* 141 Tex. 51, 170 S.W.2d 197 (1943); *Gulf Construction Company v. Mott,* 442 S.W.2d 778 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ); *Butler v. Central Bank & Trust Company,* 458 S.W.2d 510 (Tex.Civ.App.—Dallas 1970, writ dism'd); *Glenn v. Gidel,* 496 S.W.2d 692 (Tex.Civ. App.—Amarillo 1973, no writ).

■ The statements by defendant relating to the incompetency of plaintiff as a physician were actionable per se. It is not necessary to prove actual damages where the words used are libelous per se. The law presumes actual damages. *Hornby v. Hunter,* 385 S.W.2d 473 (Tex.Civ.App.— Corpus Christi 1964, no writ); *Davila v. Caller Times Publishing Company,* 311 S.W.2d 945 (Tex.Civ.App.—San Antonio 1958, no writ); and *Whalen v. Weaver,* 464 S.W.2d 176 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.).

█ This court is well aware that the amount of damages is peculiarly within the province of the jury and that such amount cannot be measured by any fixed rule or standard. This is especially true in the type of case we have before us with the elements of damages involved as set out above, such elements were mental anguish, humiliation and embarrassment, together with damage to reputation and character. We have carefully considered the evidence and exercised sound judicial judgment and discretion, as we are required to do under *Tex.R.Civ.P. 439*. We have come to the conclusion that $25,000 is reasonable compensation for plaintiff to recover for his actual damages, and $10,000 for exemplary damages.

We have carefully considered the remaining points of error and, finding no reversible error, they are overruled.

█ From our review of the record and the controlling authorities, we are of the opinion that the amount adjudged in favor of plaintiff as actual damages is excessive to the amount of $50,000, and that the amount adjudged in his favor as exemplary damages is excessive to the extent of $40,-000. Plaintiff is granted ten days from the date of this opinion within which to file remittitur of these amounts. If such remittitur is filed, the judgment of the trial court will be reformed and affirmed. Otherwise, it will be reversed and the cause remanded.

Costs in the trial court are adjudged against defendant; costs on appeal are divided equally between the parties.

Affirmed on condition.