**CITY OF SAN ANTONIO, Appellant,**

v.

**Thomas J. FULCHER, Appellee.**

**No. 04–87–00324–CV.**

Court of Appeals of Texas,
San Antonio.

March 30, 1988.

Rehearing Denied April 28, 1988.

Paula Dlugosz, Asst. City Atty., San Antonio, for appellant.

Robert I. Kahn, Seely & Kahn, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

DIAL, Justice.

This is a case of first impression. The issue we must address is whether the TEX. R.CIV.P. 215(5) sanction, which prohibits the presentation of evidence where a party fails to supplement discovery, applies in a situation where the plaintiff fails to supplement requested discoverable information which is not favorable to his case. We hold that the sanction does apply but that any error committed here was harmless.

## FACTS

This is a workman's compensation suit. Thomas Fulcher, the plaintiff, is a police officer employed by the City of San Antonio (hereinafter "City"). In March 1985, he sustained an on-the-job injury and left work shortly thereafter. He returned to work in January 1986, after spending most of the previous year on injury leave. In June 1986, the Texas Industrial Accident Board awarded Fulcher compensation for his loss of earnings. Fulcher did not consent to the award and filed suit in District Court on July 28, 1986.

In the course of discovery, City sent Fulcher a request for production in August 1986, which asked for Fulcher's 1982 through 1985 tax returns, among other items. Fulcher's response was that he was in the process of obtaining those returns and that they would be forwarded to the City upon receipt. As of the date of trial,

April 1, 1987, the City had not received the requested documents.

At trial, Fulcher offered evidence concerning his lost wages as a police officer. Next, it was Fulcher's intention to introduce evidence of lost wages from other sources. Before this occurred, however, the court excused the jury for lunch. During the noon recess, Fulcher for the first time provided the City with copies of the requested tax returns. The tax returns showed that Fulcher had reported income from sources other than his job as a police officer, but that he had not reported all of the income he was claiming at the time of trial. The City then dictated a motion to the court reporter objecting to admission of any evidence of "moonlighting," i.e., job activities outside of his employment with the City of San Antonio, stating that Fulcher had failed to supplement his discovery, and that under TEX.R.CIV.P. 215(5), any evidence concerning moonlighting should be automatically excluded. Fulcher responded by stating that the City had acquired information concerning Fulcher's moonlighting income through depositions and interrogatories. Fulcher admitted having the requested tax returns approximately 60 days before trial but said that the failure to produce them was an "oversight." The trial court overruled the City's objection, stating, however, that it was "indefensible" to not have supplemented the requested information sooner.

Fulcher then presented evidence concerning his moonlighting income. Without waiving its objection, the City cross-examined Fulcher from the disputed tax returns. At the close of trial, the jury found that Fulcher's average daily wage in the year immediately preceding his injury, was $147.39. This amount was higher than the $126.76 average daily wage Fulcher earned as a police officer, but lower than the $158.38 average daily wage sought by Fulcher. Judgment was entered, based in part on this finding, for $51,787.40, and the City perfected appeal to this Court.

It is the City's contention that the trial court erred in failing to impose the automatic sanction of preclusion of evidence mandated by TEX.R.CIV.P. 215(5) and in allowing testimony concerning Fulcher's moonlighting income after he failed to comply with a request for documentation of that income. To this contention Fulcher maintains that the City never made a second request for the tax returns, nor filed a motion to compel production, nor moved for sanctions before trial. Fulcher also maintains that Rule 215(5) sanction could only apply to the exclusion of the tax records, and not allowing Fulcher to use the tax records to bolster his testimony was exactly what the trial court did. Additionally, Fulcher maintains that the trial court had discretion in this matter and that no harm resulted in the admission of Fulcher's testimony because the jury apparently did not consider any moonlighting income over and above what was reported on the tax returns in reaching its verdict.

## SANCTIONS FOR DISCOVERY ABUSE

■ TEX.R.CIV.P. 215(5) provides:

5. *Failure to Make Supplementation of Discovery Response in Compliance with Rule 166b.*

A party who fails to supplement seasonably his response to a request for discovery in accordance with paragraph 5 of Rule 166b shall not be entitled to present evidence which the party was under a duty to provide in a supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter when the information required by Rule 166b concerning the witness has not been disclosed, unless the trial court finds that good cause sufficient to require admission exists.

The sanction is automatic unless good cause is shown. *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363 (Tex.1987); *Gutierrez v. Dallas I.S.D.*, 729 S.W.2d 691, 694 (Tex.1987); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297–298 (Tex.1986). The purpose of the rule is to insure compliance with the discovery rules, prevent needless delays, and, most notably, deter future violations by litigants. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242

(Tex.1985); Longley and Kincaid, *Discovery and Sanctions for Discovery Abuse*, 18 ST. MARY'S L.J. 163, 188 (1986); Barrow and Henderson, *1984 Amendments to the Texas Rules of Civil Procedure Effecting Discovery*, 15 ST. MARY'S L.J. 713 (1984). *See also, National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (sanctions as deterrent under federal rules).

The result of an application of the sanction prescribed by Rule 215(5) is the deprivation to the offending party of the use of concealed evidence which is valuable to him. He may thus be faced with a no evidence or insufficient evidence situation on a vital issue.

■ A concomitant sanction should be applied if the concealed evidence is detrimental to the offending party or valuable to his opponent. The party failing to provide supplemental evidence which he was under a duty to disclose should not be permitted to offer evidence which contradicts or rebuts the non-disclosed evidence.[1] This would result in a no evidence situation if the issue in question is one on which the offending party had the burden of proof. If his opponent had the burden of proof, the issue would be found as a matter of law in favor of the opponent.

■ In the case before us, the trial court should not have permitted Fulcher to testify that he earned more money in his moonlighting endeavors than was claimed by him in the non-disclosed tax returns. Since the jury finding on average daily wage equated to the income reported in the tax returns, the error in permitting Fulcher's testimony did not cause the rendition of an improper judgment and was therefore harmless. TEX.R.APP.P. 81(b)(1).

The judgment is affirmed.

ESQUIVEL, Justice, concurring.

In my opinion, the issue raised by this appeal is not controlled by former Rule 215(5),[1] contrary to the arguments of appellant and appellee. In my opinion the provisions of Rule 215(2)(b) control because the issue is "failure to comply" instead of "failure to supplement discovery."

Rule 167(1)(d) provides:

The party upon whom the REQUEST is served shall serve a written RESPONSE which shall state, that inspection or other requested action will be permitted as requested, and *he shall thereafter comply with the REQUEST*, except only to the extent that he makes objections in writing to particular items, or categories of items, stating specific reasons why such discovery should not be allowed. (Emphasis added).

In this case, appellant served a request upon appellee for the production of certain income tax returns pursuant to Rule 167. Appellee's response was to the effect that inspection would be permitted. Appellee did not produce the tax returns until after the trial had begun. Therefore, appellee failed to comply with the discovery request. Appellee did not fail to supplement. Since he had not complied in the first place, there was nothing to supplement.

Accordingly, the proper sanctions are found in Rule 215(2)(b) which provides:

If a party ... fails to comply with proper discovery requests ... the court in which the action is pending *may*, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

\*    \*    \*    \*    \*    \*

(4) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence. (Emphasis added).

Rule 215(2) sanctions, unlike those in former Rule 215(5), are not mandatory. Therefore, the trial court's refusal to impose sanctions can be reversed only upon a clear showing of an abuse of discretion.

---

**1.** This is an interpretation of Rule 215(5) which extends its parameters. We would therefore invite the Texas Supreme Court to consider amending the rule to cover this situation.

**1.** Rule 215(5) was amended effective January 1, 1988.

*Shannon v. Fowler*, 693 S.W.2d 54, 56 (Tex.App.—Fort Worth 1985, writ dism'd).

In the instant case, appellant was able to use the tax returns to effectively cross-examine appellee regarding moonlighting income. The tax returns in question were not introduced into evidence. I would hold that the trial court did not abuse its discretion in refusing to impose sanctions.

Accordingly, I concur in the result.