**WENCO OF EL PASO/LAS CRUCES, INC., Appellant,**

v.

**Edgar NAZARIO, Appellee.**

**No. 08–89–00139–CV.**

Court of Appeals of Texas, El Paso.

Dec. 13, 1989.

Antonio Martinez, Jr., Edwards, Belk, Hunter & Kerr, El Paso, for appellant.

Coll Bramblett, Bramblett & Bramblett and Susan Larsen, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a partial summary judgment finding the Defendant Wendy's liable for slander, and a resulting jury verdict awarding the Plaintiff Nazario $187,500.00 actual and $100,000.00 punitive damages. We affirm.

■ Point of Error No. One contends error in the granting of the partial summary judgment as Wendy's received improper notice. Appellant relies on *Williams v. City of Angleton*, 724 S.W.2d 414 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), for the premise that a non-movant in a summary judgment is entitled to a full twenty-one days' notice prior to the hearing. The court indicated that to hold otherwise denied the non-movant a full fourteen days to file his response. In that case, as in this case, the trial court delayed the hearing to compensate for the time deficiency in notice. Unlike the *Williams* case in which a response was never filed, a response was filed in this case after a granted request for an extension of time. Critical to the case at hand, the Appellant failed to object and obtain an adverse ruling from the trial court. Failure to object and obtain a ruling amounts to a waiver. Tex.R.App.P. 52(a). Point of Error No. One is overruled.

■ Where the Plaintiff is the movant, he must show that he is entitled to prevail on each element of his cause of action except damages. *Menchaca v. Menchaca*, 679 S.W.2d 176, 178 (Tex.App.—El Paso 1984, no writ). Points of Error One through Six allege a failure upon the Plaintiff to do so.

Nazario's petition set forth the following allegations. He was an employee of Wendy's and was falsely accused of stealing the company's money. This accusation was communicated to others and was done so with malice. He was fired and his wages were wrongly withheld.

 Nazario relied upon unanswered requests for admissions in his motion for summary judgment. An unanswered admission may be deemed admitted without the necessity of a court order, and any matter admitted is conclusively established as to the party making the admission unless the court, on motion, allows a withdrawal or amendment of such admissions under certain circumstances which were not met in this case. Tex.R.Civ.P. 169. By failing to answer, Wendy's *conclusively* admitted that Nazario was fired for allegedly stealing two deposits: That Wendy's files reveal this; that Wendy's does not possess any evidence that substantiates the theft; that other employees could have stolen the deposits; that the accusation of theft was communicated orally or in writing to other individuals, including the police and prospective employers of the Plaintiff, the latter with the intent to harm or humiliate the Plaintiff; that other employees were subsequently accused of the theft.

A summary judgment may be based on the uncontroverted affidavit of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies and could have been readily controverted. Tex.R.Civ.P. 166a(c). *Republic National Leasing Corporation v. Schindler*, 717 S.W.2d 606 (Tex.1986). The Plaintiff's sworn denial of the theft meets these requirements and would negate any defense of the truth of the allegations, although no such defense was pled by the Defendant. The Plaintiff stated by affidavit that he did not steal the money.

 Defamatory language may be actionable per se (without proof of special damages) if it injures a person in his office, business, profession or occupation *Tatum v. Liner*, 749 S.W.2d 251 (Tex.App.—San Antonio 1988, no writ), or imputes the com-

mission of a crime *Bayoud v. Sigler*, 555 S.W.2d 913, 915 (Tex.Civ.App.—Dallas 1977, writ dism'd). Appellant contends there is no evidence to show that the particular employees who made the statements acted within the scope and course of their authority and in furtherance of Wenco's business, that it was not invited by an agent of the Appellee and that it was not privileged because it was made without malice to fellow employees, and further, that there were conflicts of evidence of record. Any fact issue that may have been raised with these matters has been proscribed by the conclusive import of the deemed admissions. Deemed admissions may be employed as summary judgment proof. *Velchoff v. Campbell*, 710 S.W.2d 613 (Tex.App.—Dallas 1986, no writ). Points of Error Nos. Two through Six are overruled.

 Point of Error No. Seven claims the trial court erred in admitting evidence of the prospective employers contacted by Nazario subsequent to the incident in question. The Appellant had requested this information by interrogatory that was unanswered, and it objected to this testimony in trial requesting the automatic sanction provided for by Tex.R.Civ.P. 215(5). *City of San Antonio v. Fulcher*, 749 S.W.2d 217 (Tex.App.—San Antonio 1988, writ denied). Prior to Appellant's objection, Nazario testified to applying for work with over one hundred employers, including fast food businesses and department stores, and was seeking any kind of employment including that of waiter, cashier, gasoline attendant and management. Error in admitting evidence may be rendered harmless or waived if the aggrieved party permits the opponent to introduce evidence to the same effect without objection. Objection to the admission of evidence must be made when the evidence is offered and not after it has been introduced. *J.A. Robinson Sons, Inc. v. Wigart*, 420 S.W.2d 474, 486 (Tex.Civ. App.—Amarillo 1967), rev'd on other grounds, 431 S.W.2d 327 (Tex.1968). Point of Error No. Seven is overruled.

 In the trial on damages before the jury, Nazario was testifying primarily in

the narrative to the hardships of impoverishment and the concern of his children for his want of work. He stated his daughter asked him if he was going to return to work in the place that had accused him of stealing. His attorney then asked "[d]id you steal that money from Wendy's?" Nazario answered that he did not. Appellant then attempted to introduce evidence to an admission by Nazario of losing the deposit slips and his being fired for negligence in doing so. This was not an issue before the jury, as the matter of whether Nazario had been falsely accused had been disposed of in deemed admissions and summary judgment. A witness may not be impeached on an immaterial matter. *El Paso Electric Ry. Co. v. Buttrey*, 260 S.W. 897 (Tex.Civ. App.—El Paso 1924, writ dism'd). It was not a waiver of any position gained by deemed admissions as it was not inconsistent with any deemed admission or issue decided by summary judgment. It was not invited evidence, because as a general rule, the mere fact of the introduction of improper evidence by one party, *at least if given without objection* ..., does not justify the introduction of similar evidence by such other party. [Emphasis added]. 29 Am. Jur.2d 316, sec. 267 (1967). 1 Wigmore, Evidence, sec. 15 at 736 (Tillers rev. 1983), places Texas within the jurisdictions that follow this principle of law, and cites *Johnson v. State*, 91 Tex.Crim. 582, 241 S.W. 484 (1922) and *Howard v. State*, 122 Tex. Crim. 371, 55 S.W.2d 1048 (1933). This rule was pronounced in *Shiner v. Abbie*, 77 Tex. 1, 13 S.W. 613 (1890), and followed in subsequently reported cases until the reporting of *Krider v. Hempftling*, 137 S.W.2d 83 (Tex.Civ.App.—Galveston 1940, no writ), which was frequently cited following its publication. The language in that case was, "it is held that where one party introduces evidence in regard to an irrelevant matter the other party may not only inquire of the witnesses concerning it but he is entitled to introduce evidence otherwise inadmissible in rebuttal thereof. 17 Tex. Jur. page 370." There was no mention whether the party who offered "invited evidence" initially objected to the "opening" evidence when offered. However, at 370 of Texas Jurisprudence referred the reader on the subject at 349, which states "[t]he fact that improper evidence has been admitted *without objection* furnishes no reason for the admission of similar evidence over objection, and does not authorize the other party to introduce further similar evidence, nor to introduce, over objection, other improper evidence in rebuttal." [Emphasis added]. Cases that came after *Krider v. Hempftling*, sometimes mentioned the initial objection was made and some did not. It may not have been in issue or it may have been an oversight. Nevertheless, we can find no case which expressly overrules the requirement. Appellant made no objection to the evidence.

In addition, any "door opening" or "invited evidence" must be restricted to the same subject matter, i.e., whether Nazario stole the money, not why he was fired. Point of Error No. Eight is overruled.

Point of Error No. Nine again attacks the summary judgment in that it alleges the movant failed to prove agency for Wendy's as a matter of law. Again, the deemed admissions control. Point of Error No. Nine is overruled.

■ Point of Error No. Ten complains of the improper use by the trial court of an unqualified deposition. No objection was made at the trial level. Again, failure to make a timely objection waives any error, *J.A. Robinson Sons, Inc. v. Wigart*, and there is nothing presented for review. Tex.R.App.P. 52(a). Point of Error No. Ten is overruled.

■ Points of Error Nos. Eleven, Twelve and Thirteen allege error in that there is insufficient evidence to support the jury's award on damages for mental anguish suffered for humiliation and damage to reputation. The common law rule that has been traditionally recognized in Texas is that libel and slander per se cases are entitled to a presumption of actual damages and are recoverable without proof that they have been incurred, and this includes injuries to character or reputation, injuries to feelings, mental suffering or anguish and other wrongs and injuries in-

capable of money valuation. The jury is permitted, without other evidence, to estimate their amount. *Ryder Truck Rentals, Inc. v. Latham,* 593 S.W.2d 334 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.). That case recognized that *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), abrogated our rule for being punitive, at least as far as it applies to cases in which the liability is not based on a showing of knowledge of falsity or reckless disregard for the truth. However, in this case, it was conclusively established that Wendy's accused Nazario of the theft without any evidence, and that others could have stolen the money, and that they were also accused, and the accusation against Nazario was communicated to his prospective employers with intent to harm and humiliate him. This is a showing of reckless disregard for the truth, a manner of malice as applied to defamation cases. As the possibly punitory presumption of damages in cases of liability based on defamatory malice was not abolished under *Gertz,* it remains a part of our law. Points of Error Nos. Eleven, Twelve and Thirteen are overruled.

■■■ Point of Error No. Fourteen contends there is insufficient evidence to support the 1988 jury award for past and future loss of wages. Nazario was of the age of twenty-seven when terminated by Wenco in 1985, making $15,000.00 annually. He had had managerial jobs before being employed by Wendy's franchise. While employed in the Wendy's franchise elsewhere, he had progressed from assistant manager to co-manager to general store manager to training store manager to director of operations for three stores. He left this position, after he was robbed and his daughter was beaten, to remove himself and family from a high crime area. He had intentions to acquire a Wendy's franchise. He intended to work himself up through the El Paso organization. He testified to the executive salaries as being $22,300.00, $24,000.00 and $28,000.00 annually. He testified to the difficulty in obtaining subsequent employment and being employed at $4.00 an hour. The difficulty in obtaining employment is a factor to be considered. The valuation of time lost in the past and the lessened earning capacity in the future need not be based solely upon the wages he was earning at the time of his discharge. The possibilities open to ambition may be measured and considered by the jury. There is sufficient evidence to support the award. Point of Error No. Fourteen is overruled.

■■ Points of Error Nos. Fifteen and Sixteen urge that actual malice was not established and there was insufficient evidence to support the jury's award. The existence of malice is discussed under Points of Error Nos. Eleven, Twelve and Thirteen. Point of Error No. Fifteen is overruled. Factors to consider in determining whether an award of exemplary damages is reasonable, include: (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice. *Alamo National Bank v. Kraus,* 616 S.W.2d 908 (Tex.1981).

■■ This is an unusual case in that liability was conclusively established by deemed admissions. Wendy's complains that it was denied the opportunity to offer mitigating evidence to allow the jury to apply the *Alamo* standards. It has been held that the remedies available to a trial judge seeking to secure compliance with the discovery rules should not be applied with a purpose to punish the recalcitrant party, but for the purpose of securing compliance. *Phillips v. Vinson Supply Company,* 581 S.W.2d 789 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). It must be noted, however, that any imposed penalty works not only as a deterrence to future inappropriate conduct to a particular party, but it also carries a general deterrence value to others. There is no allegation that the trial judge abused his discretion in treating the admissions deemed. The controversy surrounds the application and effect of the deemed admissions. It was conclusively established by deemed ad-

missions that Wendy's acted with malice. It was established by other evidence that it caused economic loss and mental anguish to Nazario. Society benefits by its citizens placing a high evaluation on a reputation for honesty. The jury's award was not excessive. Point of Error No. Sixteen is overruled.

Judgment of the trial court is affirmed.