Kris SOSA, individually and next friend for Kymboly Sosa and Carlos Juan Sosa, II, minor children, Appellant,

v.

Kenneth J. WILLIAMS d/b/a Pine Meadows Mobile Estates, et al., Appellees.

No. 10–95–027–CV.

Court of Appeals of Texas, Waco.

Dec. 18, 1996.

Rehearing Overruled Feb. 5, 1997.

---

B.F. Summers, Law Office of B.F. Summers, DeSoto. for appellant.

Donald R. Stout, Colvin & Stout, P.C., Don A. Young, Young & Johnson, P.C., Ennis, E. Thomas Bishop & Alexander N. Beard, Thomas Bishop, P.C., Dallas, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

A child struck three-year old Kymboly Sosa in the eye with a metal curtain rod while they played on a vacant trailer lot. Kymboly's mother, Kris Sosa ("Sosa"), sued Kenneth Williams, individually and doing business as Pine Meadows Mobile Estates (collectively "Williams"), and Wilbur Joe Rodgers ("Rodgers") alleging they maintained an attractive nuisance on the lot. Sosa appeals the trial court's granting of summary judgment to both Williams and Rodgers. Because we find material fact questions exist in this case, we reverse the summary judgments and remand the cause to the trial court. Additionally, she appeals the denial of her summary judgment against Williams based upon deemed admissions. We affirm the denial as to Sosa.

Although nobody lived in the trailer on Lot 73 of Pine Meadows Mobile Estates, the neighborhood children sometimes gathered there to play. During one of these gatherings, a child struck Kymboly with a metal curtain rod he found lying on the lot. The blow left Kymboly permanently blind in her left eye. Sosa then sued Williams, the owner of Pine Meadows Mobile Estates, for failing to keep Lot 73 clear of trash and other debris, such as the curtain rod. Later, Sosa amended her petition to include Rodgers, who was purchasing Lot 73 from Williams.

The purpose of a summary judgment is to avoid the conventional trial of clearly unmeritorious claims or untenable defenses. *Martinez v. City of San Antonio*, 768 S.W.2d 911, 912 (Tex.App.—San Antonio 1989, no writ). Its purpose is not to deprive litigants of their rights to a full, conventional

trial if there are any material questions of fact involved in the case. *Id.* Therefore, the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985). In reviewing a summary judgment, we accept as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Id.* at 549. A fact is established as a matter of law if ordinary minds cannot differ on the conclusion to be deduced from the evidence. *McDaniel v. Continental Apartments,* 887 S.W.2d 167, 172 (Tex.App.—Dallas 1994, writ denied).

■ In her first point of error, Sosa complains that the trial court erred in denying her summary judgment because Williams failed to timely respond to her requests for admissions. The plaintiff as movant establishes her entitlement to summary judgment by conclusively proving all essential elements of her cause of action as a matter of law. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Wenco of El Paso/Las Cruces v. Nazario,* 783 S.W.2d 663, 664 (Tex.App.—El Paso 1989, no writ); *Menchaca v. Menchaca,* 679 S.W.2d 176, 178 (Tex.App.—El Paso 1984, no writ). Deemed admissions may be used as summary judgment proof. *Wenco,* 783 S.W.2d at 665; *Velchoff v. Campbell,* 710 S.W.2d 613, 614 (Tex.App.—Dallas 1986, no writ); *Laycox v. Jaroma, Inc.,* 709 S.W.2d 2, 4 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

■ Before untimely answered requests are automatically deemed admitted, proper service must be shown. Tex.R. Civ. P. 169(1); *Hudson v. Winn,* 859 S.W.2d 504, 507 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Rent America, Inc. v. Amarillo Nat. Bank,* 785 S.W.2d 190, 194 (Tex.App.—Amarillo 1990, writ denied). We believe that in a summary judgment the movant who is seeking to rely on deemed admissions as evidence faces the burden of conclusively establishing proper service. *See Hudson,* 859 S.W.2d at 507; *Rent America,* 785 S.W.2d at 194. Proper service becomes an element of the movant's proof that must be established be-

fore the movant is entitled to a summary judgment based upon deemed admissions.

■ Sosa alleged that Constable I.J. Moore served Williams with the requests for admissions along with the original petition on November 18, 1993. The citation, which indicated Williams' address for service at 201 Rock Springs, Waxahachie, Texas, did not state that requests for admissions were being served. Sosa attempted to satisfy the proper service requirement by submitting Constable Moore's affidavit stating that he hand-delivered the requests for admissions to Williams at 3450 South Interstate 35, Waxahachie, Texas on November 18, 1993. Williams responded with his own affidavit claiming that he never received any requests for admissions from Sosa until February 1, 1994, which he answered February 24, 1994. We find the return of service and the controverted affidavit insufficient to conclusively prove proper service as needed to use deemed admissions in a summary judgment context. *Hudson,* 859 S.W.2d at 507; *Rent America,* 785 S.W.2d at 194. Therefore, we overrule Sosa's first point of error.

■ In her second point of error, Sosa complains that the trial court erred in granting Williams summary judgment. To show his entitlement to summary judgment, Williams needed to either disprove an essential element of Sosa's cause of action as a matter of law or establish all elements of his defense as a matter of law. *McDaniel,* 887 S.W.2d at 172–73; *Laycox,* 709 S.W.2d at 4; *Menchaca,* 679 S.W.2d at 178. Duty is a threshold inquiry; a plaintiff must prove the existence and violation of a duty owed to her by the defendant to establish liability in tort. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990); *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987). Moreover, the existence of a duty is ultimately a question of law for the courts to decide from the facts surrounding the occurrence in question. *Phillips,* 801 S.W.2d at 525. If Williams proved, by competent summary judgment evidence, that he did not owe Sosa a duty, then her appeal must fail. *LaFleur v. Astrodome–Astrohall Stadium,* 751 S.W.2d

563, 564 (Tex.App.—Houston [1st Dist.] 1988, no writ).

■ Williams claimed in his motion for summary judgment that he owed no duty to Sosa because he did not own or possess Lot 73. However, Sosa controverted his claim of no ownership by using Rodgers' affidavit to show that Rodgers was "purchasing Lot 73." This infers that Williams still held title to Lot 73, while Rodgers possessed only an executory right to the property. *Johnson v. Wood,* 138 Tex. 106, 157 S.W.2d 146, 148 (1941). Moreover, Sosa produced affidavits by other residents of Pine Meadows Mobile Estates stating that they saw Williams' workers mowing and maintaining Lot 73. These affidavits constitute some proof that Williams maintained control over the lot. Control of the property may lead to a duty to keep the premises free of conditions which a small child may not realize are dangerous. *Davis v. Esperado Min. Co.,* 750 S.W.2d 887, 888 (Tex.App.—Houston [14th Dist.] 1988, no writ). This evidence, viewed in favor of Sosa, creates a fact question. *McDaniel,* 887 S.W.2d at 172. Therefore, we sustain Sosa's second point of error.

■ In her third point of error, Sosa complains that the trial court erred in granting summary judgment to Rodgers. His motion for summary judgment asserted that he owed no duty to keep Lot 73 clear of trash and debris because he owned only an executory right in the property. *Johnson,* 157 S.W.2d at 148. However, in response to an interrogatory, Rodgers identified himself as the owner of the trailer on Lot 73. Viewing this evidence in favor of Sosa, we find that ordinary minds could differ about who owns Lot 73. *McDaniel,* 887 S.W.2d at 172. Moreover, we find Rodgers' summary judgment evidence constituted insufficient legal conclusions. Rodgers claimed in his affidavit that he did not maintain an attractive nuisance or that the children were "mere trespassers." A legal conclusion in an affidavit is insufficient to establish a fact in support of a motion for summary judgment. *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex. 1984). Therefore, we sustain Sosa's third point of error.

We affirm the trial court's denial of Sosa's motion for summary judgment; reverse the trial court's grant of Williams' and Rodgers' motions for summary judgment and remand this cause for trial.[1]

---

1. The appropriate resolution on appeal concerning motions for summary judgment filed on behalf of all parties is to affirm, reverse and remand, and/or reverse and render. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–401 (1958). Because in this case Sosa's motion for summary judgment and Williams' and Rodgers' motions for summary judgment are premised differently, we remand for trial.