In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-182 CV


____________________



JOSEPH J. GUIDRY, JR., d/b/a GUIDRY'S HOUSE LEVELING, Appellant



V.



MAMIE WELLS, Appellee






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 100756






MEMORANDUM OPINION


 Mamie Wells sued Joseph J. Guidry, Jr., d/b/a Guidry's House Leveling for
deceptive trade practices, fraud, and negligence in leveling Wells's house. Without
identifying the claim on which Wells recovered judgment, the trial court granted Wells's
motion for summary judgment and awarded her $23,480.00 in actual damages and
$3,000.00 in attorney's fees. On appeal, Guidry contends Wells failed to establish her
right to judgment as a matter of law. Wells contends the judgment is supported by deemed
admissions. (1) 

 Guidry contends Wells failed to set out grounds in support of judgment. A motion
for summary judgment must state the specific grounds for judgment. See Tex. R. Civ. P.
166a(c). Wells alleged a cause of action for deceptive trade practices, fraud, and
negligence, but her motion for summary judgment alleges the cause is a suit for damages
for breach of contract. The motion for summary judgment claimed Guidry's deemed
admissions entitled Wells to judgment on her claim for breach of contract, but did not
identify which admissions satisfy each element of her cause of action. 

 Guidry contends Wells failed to provide competent summary judgment evidence to
support her motion. Wells attached a document titled "Request for Admission of Fact"
to her motion for summary judgment. The request for admissions is dated January 31,
2005. Although the motion for summary judgment states the document was served on
Guidry on January 29, 2005, and that Guidry failed to serve a response within thirty days
of having received it, no supporting affidavit is attached to the motion for summary
judgment. Guidry contends the lack of a supporting affidavit renders the attached request
incompetent as summary judgment evidence. 

 Authentication of discovery documents is unnecessary if the proponent complies
with Rule 166a(d). McConathy v. McConathy, 869 S.W.2d 341, 342 (Tex. 1994). No
statement of intent to use discovery appears in the record, but Wells specifically referred
to the request for admissions in her motion and attached an unauthenticated copy to the
motion. This action effectively placed Guidry on notice that Wells intended to rely on the
request for admissions to support summary judgment. See Garcia v. Andrews, 867
S.W.2d 409, 411-12 (Tex. App.--Corpus Christi 1993, no writ). 

 The request for admissions is the only summary judgment evidence offered by Wells
to support the judgment. A certificate by the party showing compliance with Tex. R. Civ.
P. 21a is prima facie evidence of the fact of service. Dunn v. Menassen, 913 S.W.2d 621,
626 (Tex. App.--Corpus Christi 1995, writ denied). Guidry did not controvert the
certificate of service in the trial court, and may not do so on appeal. See Wilson v. Gen.
Motors Acceptance Corp., 897 S.W.2d 818, 820 (Tex. App.--Houston [1st Dist.] 1994,
no writ). The request for admissions establishes that Wells requested admissions from
Guidry. 


 However, the fact that a request for admissions was served on a party does not
conclusively establish that the party failed to respond in a timely manner. Wells offered
no summary judgment evidence that the requested admissions were deemed admitted
through Guidry's failure to respond within thirty days. The non-movant's failure to except
or respond to a motion for summary judgment does not, in and of itself, supply by default
the grounds or the proof necessary to establish the movant's right to judgment as a matter
of law. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993). 
The movant relying on deemed admissions as summary judgment evidence must
conclusively establish proper service and failure to respond. Sosa v. Williams, 936
S.W.2d 708, 710 (Tex. App.--Waco 1996, writ denied); Rent Am., Inc. v. Amarillo Nat.
Bank, 785 S.W.2d 190, 194 (Tex. App.--Amarillo 1990, writ denied). (2) Summary
judgment requires evidence; a mere allegation in the motion is insufficient to meet the
movant's burden to establish her right to judgment. Laidlaw Waste Sys., Inc. v. City of
Wilmer, 904 S.W.2d 656, 660 (Tex. 1995). 

 A party moving for summary judgment on deemed admissions must prove that the
non-movant failed to respond to the request. The lack of discovery response in the trial
court's record does not conclusively establish that the requested admissions have been
deemed admitted. Citing Stewart v. United States Leasing Corp., 702 S.W.2d 288, 290
(Tex. App.--Houston [1st Dist.] 1985, no writ), Wells argues that the lack of a response
to the admissions would be conclusively established by the lack of documents in the file.
Stewart was decided at a time when all discovery was filed in the trial court. Discovery
products are no longer filed with the trial court. See Tex. R. Civ. P. 191.4(a); Jefferson
(Tex.) Dist. Ct. Loc. R. 8. The absence of a response in the court's file does not
conclusively establish that Guidry failed to respond. 

 In this case, the trial court granted summary judgment based entirely on admissions
which the appellee failed to establish as deemed admissions through operation of Rule
198.2(c). We hold the trial court erred in granting summary judgment. We sustain the
appellant's issue, reverse the judgment, and remand the cause to the trial court for further
proceedings consistent with this opinion. 

 REVERSED AND REMANDED.


 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on January 2, 2006

Opinion Delivered February 2, 2006

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Among the requested admissions were: (1) "Plaintiff's damages are $5,980.00";
(2) "the amount of exemplary damages or additional damages is $17,500.00"; and (3) "a
reasonable attorney's fee for Plaintiff is $3,000.00." 
2. Sosa and Rent America were decided under former Rule 169(1), which required
the request for admissions and proof of service be filed with the trial court before they
would be deemed admitted. Although the procedure for deeming admissions changed with
the promulgation of Rule 198, the procedure for establishing a right to a traditional
summary judgment under Rule 166a(c) still requires proof of proper service and failure
to respond.