Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued December 21, 2006










 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00268-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ANN C. MORRILL, Appellant

 

V.

 

LAWRENCE J.
CISEK, JR., Appellee

 

 



On Appeal from the 400th District Court

Fort Bend County,
 Texas

Trial Court Cause No. 02-CV-127474

 








 



O P I N I O N

 

          Ann C. Morrill appeals a judgment
and permanent injunction entered in favor of her ex-husband, Lawrence J. Cisek,
Jr.  Morrill contends (1) the trial court erred in entering a judgment in favor
of Cisek because Cisek did not prove the elements of his causes of action
beyond a preponderance of the evidence, (2) the trial court erred in awarding
Cisek damages and entering a permanent injunction without allowing discovery or
a trial, depriving Morrill of due process rights, (3) the trial court’s permanent
injunction is overbroad, and (4) the trial court erred in denying Morrill’s
motion to dismiss for forum non conveniens.  We conclude that (1) Morrill waived her first three issues because of
inadequate briefing, (2) the trial court did not err in awarding Cisek $25,000
in damages for his libel per se claim, and (3) Morrill waived her complaint
regarding the motion to dismiss for forum non conveniens because she never
secured a ruling on the motion.  We therefore affirm.

Background

Cisek sued Morrill for defamation and
intentional infliction of emotional distress, alleging that Morrill had written
several false and defamatory letters to Cisek’s employer, Baylor College of
Medicine (“Baylor”), and to certain public officials concerning the parties’
ongoing dispute over Cisek’s child support obligations.  In his petitions, Cisek sought recovery of monetary
damages, as well as a permanent injunction prohibiting Morrill from contacting
any employee or agent of Baylor, other than Cisek himself.  

Morrill answered the lawsuit and filed a motion
challenging the exercise of personal jurisdiction over her or, alternatively, seeking to transfer the
suit to Maryland or to dismiss the suit on forum non conveniens grounds.[1]  During a hearing on the motion, the trial
court denied Morrill’s special appearance, but did not sign a written order.  Morrill then filed an interlocutory
appeal from this ruling.  Morrill v. Cisek, No. 13-03-00400-CV, 2003
WL 22208631, at *1 (Tex. App.—Corpus Christi Sept. 25, 2003, no pet.).  While
Morrill’s interlocutory appeal was pending, the trial court ordered Morrill to
answer Cisek’s discovery requests.  Morrill failed to comply with the discovery
order and the trial court struck her answer to the lawsuit in July 2003.  The
Corpus Christi Court of Appeals dismissed Morrill’s interlocutory appeal for
lack of jurisdiction on September 25, 2003.  Id.  

In September 2003, Cisek moved for entry of
judgment.  The trial court held a hearing on the motion on November 24, 2003.  On
December 3, 2003, the trial court signed a written order denying Morrill’s
special appearance.  In response, Morrill filed another interlocutory appeal
challenging the trial court’s denial of her special appearance.  Morrill v. Cisek,
Nos. 01-03-01336-CV, 01-04-00266-CV, 2005 WL 2123714, at *1 (Tex. App.—Houston [1st Dist.] Aug. 31, 2005, pet. denied).  On February 2, 2004, while the
interlocutory appeal was pending, the trial court entered a judgment in favor
of Cisek, ordered that Morrill be “permanently enjoined from contacting any
officer, agent or employee of [Baylor]” or of any other employer of Cisek, and
awarded Cisek $1,189.96 for costs of court.  Morrill then filed a third appeal,
challenging the trial court’s rendition of judgment in favor of Cisek.  Id. at *4–*5.  This court considered the second and third appeals together.  Id. at *1.  We affirmed the trial court’s denial of Morrill’s special appearance but
reversed the trial court’s judgment in favor of Cisek because the trial court
rendered judgment while the second interlocutory appeal was pending.  Id. at *2–*5.  We remanded to the trial court for further proceedings.  Id. at *5.  The Texas Supreme Court denied review.

In September 2005, Cisek again moved the trial
court for entry of judgment.  The trial court held an evidentiary hearing on
damages, attended by Cisek and his counsel.  Morrill appeared by telephone.  The
trial court entered judgment in favor of Cisek, noting that it struck Morrill’s
answer for “repeated discovery violations and violations of court orders,”
pursuant to Rules 215.2 and 239 of the Texas Rules of Civil Procedure.  The
trial court awarded Cisek $25,000 in damages for his libel per se claim.  The
trial court also entered a permanent injunction preventing Morrill from
contacting Baylor, Texas Children’s Hospital, any other entity within the Texas Medical Center, and any other employer of Cisek concerning any personal or financial
matters directly or indirectly relating to Cisek.

Morrill’s First Three
Issues

          In her first three
issues, Morrill contends (1)
the trial court erred in entering a judgment in favor of Cisek because Cisek
did not prove the elements of his causes of action beyond a preponderance of
the evidence, (2) the trial court erred in awarding Cisek damages and entering
a permanent injunction without allowing discovery or a trial, depriving Morrill
of her due process rights, and (3) the trial court’s permanent injunction is
overbroad.  Cisek responds that Morrill waived these
issues because her briefing is inadequate.  We consider these issues together. 


          Texas Rule of
Appellate Procedure 38.1(h) requires that an appellant’s brief “must contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.”  Tex.
R. App. P. 38.1(h).  “Rule 38 requires [a party] to provide us
with such discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue.”  Tesoro Petroleum Corp. v. Nabors
Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.]
2002, pet. denied).  “This is not done by merely uttering brief conclusory
statements, unsupported by legal citations.”  Id.  “Issues
on appeal are waived if an appellant fails to support his contention by
citations to appropriate authority or cites only to a single non-controlling
case.”  Abdelnour v. Mid Nat’l
Holdings, Inc., 190
S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Daniel v. Falcon
Interest Realty Corp., 190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Morrill’s argument with
respect to her first three issues does not contain a single citation to a legal
authority or the record.  We therefore hold that Morrill has waived her first
three issues because of inadequate briefing.  Tex.
R. App. P. 38.1(h); Wheeler v. Methodist Hosp.,
95 S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Damages

In the section of
Morrill’s brief entitled “Statement of the Case,” she contends, “[t]he lower
court nonetheless awarded Lawrence J. Cisek, Jr. pain and suffering damages of
$25,000 despite admitting that there was no testimony from Lawrence J. Cisek,
Jr. that he had suffered.”[2]  Morrill also requests
reversal of the damage award in her conclusion and in the prayer for relief.  We
address this issue and construe Morrill’s statements as a challenge to the
legal sufficiency of the evidence to support the trial court’s damage award.  See
City of Arlington v. State Farm Lloyds, 145 S.W.3d 165, 167 (Tex. 2004) (holding
record references in statement of facts of appellate brief were sufficient to
raise no evidence point when coupled with argument); Scottsdale Ins. Co. v.
Nat’l Emergency Servs., Inc., 175 S.W.3d 284, 300 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (construing issue that asserted there was insufficient
evidence to support jury’s damage findings as legal sufficiency challenge).

The test for legal
sufficiency is “whether the evidence at trial would enable
reasonable and fair-minded people to reach the verdict under review.”  City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  In making this
determination, we credit favorable evidence if a reasonable fact-finder could,
and disregard contrary evidence unless a reasonable fact-finder could not.  Id.  So long as the evidence falls within the zone of reasonable disagreement, we
may not substitute our judgment for that of the fact-finder.  Id. at 822.  The trier of fact is the sole judge of the credibility of the witnesses and
the weight to give their testimony.  Id. at 819.  Although we consider
the evidence in the light most favorable to the challenged findings, indulging
every reasonable inference that supports them, we may not disregard evidence
that allows only one inference.  Id. at 822.

A libel is a defamation expressed in
written or other graphic form that tends to blacken the memory of the dead or
that tends to injure a living person’s reputation and thereby expose the person
to public hatred, contempt or ridicule, or financial injury or to impeach any
person’s honesty, integrity, virtue, or reputation or to publish the natural
defects of anyone and thereby expose the person to public hatred, ridicule, or
financial injury.

 

Tex.
Civ. Prac. & Rem. Code Ann. § 73.001 (Vernon 2005).  Libel per se means the
written or printed words are so obviously hurtful to the person aggrieved that
they require no proof of their injurious character to make them actionable.  Knox
v. Taylor, 992 S.W.2d 40, 50 (Tex. App.—Houston [14th Dist.]
1999, no pet.).  Defamation is actionable per se if it injures a person in his
office, business, profession, or occupation.  Id.  A false statement
that charges a person with the commission of a crime is also libelous per se.  Leyendecker
& Assocs., Inc. v. Wechter, 683 S.W.2d 369, 374 (Tex. 1984).  

The evidence
in this case supports a finding of libel per se.  Morrill sent letters to government
officials and Baylor alleging that Cisek had forged documents, committed fraud
against Baylor, never willingly paid child support, and misappropriated $35,000
from his child’s Uniform Gifts to Minors Act account.  These letters were
libelous per se because they accused Cisek of crimes, and injured Cisek in his
profession.  Id.; Knox, 992 S.W.2d at 50; Bradbury v.
Scott, 788 S.W.2d 31, 38–39 (Tex. App.—Houston [1st Dist.] 1989, writ denied)
(holding that to charge employee with dishonesty in his dealings with his
employer is defamatory per se because it falls within general classification of
words that affect person injuriously in his profession or occupation).

Compensatory damages in
defamation cases are divided into two categories: general[3]
and special.[4]  Peshak v. Greer,
13 S.W.3d 421, 427 (Tex. App.—Corpus Christi 2000, no pet.).  General damages
include mental anguish and injury to a person’s reputation that naturally flow
from the libel.  Id.  “Once injury to
reputation is established, a person defamed may recover general damages without proof of other
injury.”  Leyendecker, 683 S.W.2d at 374; Knox, 992 S.W.2d at 60 (“In the recovery on a claim of defamation
per se, the law presumes actual damages and no independent proof of
damages to reputation or of mental anguish is required.”); Marathon Oil Co.
v. Salazar, 682 S.W.2d 624, 630 (Tex. App.—Houston [1st Dist.] 1984, writ
ref’d n.r.e.) (holding that words that are libelous per se are so obviously
hurtful to person aggrieved by them that they require no proof of their
injurious character to make them actionable); Bellefonte Underwriters Ins.
Co. v. Brown, 663 S.W.2d 562, 583 (Tex. App.—Houston [14th Dist.] 1983)
(“The law presumes actual damages if libel per se is proven.”), rev’d in
part on other grounds, 704 S.W.2d 742, 745 (Tex. 1986).  The amount of damages
in a defamation case is peculiarly within the province of the fact-finder, and
an appellate court will not disturb the verdict or award unless it appears from
the record to be excessive or the result of passion, prejudice, or other
improper influences.  Bolling v. Baker, 671 S.W.2d 559, 571 (Tex.
App.—San Antonio 1984, writ dism’d w.o.j.).  

As the trial
court observed, Cisek did not specifically prove any special damages.  To support the trial court’s award
of general damages, Cisek testified at the hearing that Cyndi Baily, general counsel
for Baylor, informed him that government officials and officers of Baylor were calling
her office about Morrill’s letters.  Baily also informed Cisek that the letters
were threatening his career at Baylor, and that Morrill’s conduct was
inconsistent with a continued employee/employer relationship between Cisek and
Baylor.  Cisek testified that he has not been promoted since he began working
at Baylor, and that several initiatives he introduced had not moved forward.  Cisek’s
salary has not increased since he began working at Baylor.  Cisek testified
that if Baylor had fired him because of Morrill’s allegations of fraud, it
would have been almost impossible for him to secure future employment as a
physician or professor.  Viewing the evidence in the light most favorable to
the trial court’s finding, we conclude that the evidence
presented by Cisek at the judgment hearing would enable reasonable and
fair-minded people to find that Cisek had sustained general damage to his
reputation as a result of Morrill’s letters.  See City of Keller, 168 S.W.3d at 827.  The evidence is therefore legally sufficient to support the
trial court’s award of damages for Cisek’s claim of libel per se. 
We further hold that legally sufficient evidence
supports the trial court’s finding of $25,000 as a reasonable amount of damages.
 See Peshak, 13 S.W.3d at 427; Bellefonte, 663 S.W.2d at 583 (holding that award of
$50,000 was reasonable); Bayoud v. Sigler, 555 S.W.2d 913, 916 (Tex.
Civ. App.—Waco 1977, writ dism’d) (holding that award of $25,000 was
reasonable).  

Forum Non Conveniens

          In her fourth
issue, Morrill contends the trial court erred in denying her motion to dismiss
for forum non conveniens.  Cisek responds that Morrill waived this issue by
never obtaining a ruling on the motion.

          As a prerequisite to presenting a
complaint for appellate review, the record must show that the complaining party
made the complaint to the trial court by a timely request, objection, or
motion.  Tex. R. App. P.
33.1(a).  The complaining party must also state the grounds for the request,
objection, or motion, unless the grounds are apparent from the context.  Id.  Furthermore, the trial court must either rule on the request, objection, or motion,
expressly or implicitly, or refuse to rule, and the complaining party must
object to the refusal.  Id.  

The record in this case contains no evidence
that Morrill received a ruling on her motion to dismiss for forum non
conveniens.  Morrill has therefore not preserved this issue for our review.  Id.  

 

 

 

 

 

 

 

 

 

 

Conclusion

          We hold that (1) Morrill waived her
first three issues because of inadequate briefing, (2) the trial court did not
err in awarding Cisek $25,000 in damages for his libel per se claim, and (3)
Morrill waived her complaint regarding the motion to dismiss for forum non
conveniens because the trial court never ruled on the motion.  Accordingly, we
affirm the judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Jamison.[5]









[1] Morrill, who appeared pro se, resides in Maryland and is a board-certified endocrinologist and a law school graduate.





[2] At the judgment hearing, the trial court stated, 

 

The testimony I heard indicates that Dr. Cisek, as far
as I can tell, has not suffered any economic direct—direct loss as a result of
the Defendant’s actions.  You’ve given me some case law that indicates that if
the libel is libelous per se, that the law presumes damages.  What is it that—I
haven’t heard any evidence of mental anguish in the case.  What is it that you
expect the Court to award damages in terms of mental anguish?





[3] “[G]eneral damages” are “[d]amages that the law
presumes follow from the type of wrong complained of.”  Black’s Law Dictionary 394–95 (7th ed. 1999).

 





[4] “[S]pecial damages” are “[d]amages that are alleged
to have been sustained in the circumstances of a particular wrong.  To be
awardable, special damages must be specifically claimed and proved.”  Black’s Law Dictionary 396 (7th ed.
1999).





[5] The Honorable Martha Hill Jamison, judge of the 164th
District Court of Harris County, participating by assignment.  See Tex. Gov’t Code Ann. § 74.003(h)
(Vernon 2005).