Opinion issued July 7, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00268-CV

———————————

Bruce M. Crider, Appellant

V.

Mary H.
Crider, Appellee



 



 

On Appeal from the County Court at Law Number Three

Galveston County, Texas



Trial Court Case No. 09FD2033

 



 

MEMORANDUM OPINION

          Bruce
and Mary Crider were divorced. Bruce challenges the final judgment in their
divorce action on numerous grounds. We find no error in the trial court’s judgment
and affirm. 

Background

On August 4, 2009, Bruce and Mary Crider
filed a verified petition for divorce on grounds of irreconcilable differences.
The petition stated that the Criders had provided for the division of their
community property and obligations in a marital settlement agreement, which was
attached to the petition and incorporated into the petition by reference. The
petition stated that both parties were satisfied with the marital settlement
agreement and signed the agreement without duress, force, or collusion. The
petition for divorce and marital settlement agreement were on pre-printed forms,
filled out by the Criders with handwritten additions and cross-outs. The
petition and marital settlement agreement were each notarized and signed by
Bruce and Mary.

The marital settlement agreement awarded
the following property to Mary: household furnishings, computers, televisions,
a Dodge Ram pickup truck, a .38 revolver, and “1/2 of business, Cutting Edge.”[1] It awarded the following
property to Bruce: tools and equipment, a utility trailer, a Dodge Dakota
pickup truck, a weight bench, a twelve gauge Winchester, a .380 Bersa, a .22
Browning and “1/2 of business (Cutting Edge).” The marital property agreement
identified the couple’s home in Hitchcock, Texas as community property and
provided that it would be sold, with the proceeds from the sale divided evenly
between Bruce and Mary. The agreement stated that the parties owned no separate
property. The agreement also contained a waiver of any right to alimony,
maintenance or spousal support. The Criders had no children.

Approximately three months after
the Criders filed the verified petition for divorce, Mary separately filed a counter-petition
for divorce in which she asked the court to divide the couple’s marital assets,
asserted that she owned separate property, and requested spousal maintenance.
Mary’s counter-petition made no reference to the marital settlement agreement. 

Bruce moved to dismiss Mary’s counter-petition,
arguing that the joint verified petition remained valid and pending and that
Mary had no grounds for avoiding enforcement of the marital property agreement.
Bruce also moved to compel performance of the marital settlement agreement, specifically
seeking to compel Mary to move forward with the sale of their home in Hitchcock
and the division of the proceeds, pursuant to the agreement. Finally, Bruce
sought a temporary protective order to prohibit Mary from, among other things,
interfering with his use and possession of the home in Hitchcock and the Dodge
Dakota pickup truck. The record does not contain any response to these motions from
Mary. The trial court denied Bruce’s motions in December 2009. 

In March 2010, the trial court held
a hearing on the Criders’ divorce action and entered a final judgment. The
judgment differs from the parties’ earlier agreement. The trial court
determined the residence in Hitchcock, Texas to be Mary’s separate property and
awarded the Browning handgun to Mary rather than Bruce. The judgment ordered
Bruce to pay Mary maintenance in the amount of $250 per month for a one-year
period commencing on April 1, 2010. Because Bruce had possession of the
Browning handgun at the time of trial, the judgment also ordered Bruce to
deliver the Browning handgun to Mary’s attorney’s office within thirty days
from the entry of judgment.

Bruce appealed from the trial
court’s final judgment, raising the following issues: (1) the damages awarded
were manifestly too large, resulting in a violation of his constitutional
rights; (2) the associate judge abused its discretion in recommending denial of
his motions; (3) the trial judge should have recused himself under Rule 18b of
the Texas Rules of Civil Procedure; (4) the maintenance award violated section
8.052 of the Texas Family Code and was unfairly disproportionate; (5) the trial
court improperly excluded evidence, (6) the trial court applied an incorrect
standard of proof; (7) the trial court erred in failing to designate this case
as a “complex case” under the local rules; (8) the trial court had improper ex
parte communications with Mary’s counsel; (9) the trial court attempted to
defraud him; (10) Mary filed an inaccurate financial statement, committed
discovery abuses, perjured herself on the stand and committed other wrongs
against him; (11) Mary’s attorney committed wrongs against him; (12) the order
for delivery of the Browning handgun to Mary’s attorney violated federal gun
laws and U.S. mail regulations; (13) the trial court erred in dividing the
community property rather than enforcing the parties’ marital settlement
agreement; (14) the trial court erred in determining that the home in Hitchcock
was Mary’s separate property; (15) the trial court erred in determining that an
unspecified pistol was Mary’s separate property; (16) the trial court violated
his constitutional rights; and (17) the amount of the maintenance award
violated section 8.055 of the Texas Family Code. Mary waived her right to
respond on appeal.

Standard of Review

          The standard of review for property
division issues in family law cases is abuse of discretion. Raymond v.
Raymond, 190 S.W.3d 77, 82 (Tex. App.—Houston [1st Dist.] 2005, no pet.)
(citing Schlueter v. Schlueter,
975 S.W.2d 584, 589 (Tex. 1998)). A trial court has broad discretion in
dividing the marital estate. Id. (citing
Eggemeyer v. Eggemeyer, 554 S.W.2d
137, 139 (Tex. 1977)). If the division of marital property lacks sufficient
evidence in the record to support it, then the trial court’s division is an abuse
of discretion. Id. at 83.

A post-marital property agreement is a contract, and unless
it is ambiguous, we determine its legal force and meaning as a question of law.
See Evans v. Evans, No. 01-97-00381-CV,
1999 WL 164463, at *2 (Tex. App.—Houston [1st Dist.] Mar. 25, 1999, no pet.)
(citing McGoodwin v. McGoodwin,
671 S.W.2d 880, 882 (Tex. 1984)). Likewise, statutory construction is a
question of law that we review de novo. See
HCBeck, Ltd. v. Rice, 284 S.W.3d 349, 352 (Tex. 2009).

Issues Not Preserved

          Preservation
of error is a prerequisite for appellate review. Tex. R. App. P. 33.1(a). To preserve error, a party must (1)
raise the issue before the trial court in a manner that is timely, complies
with the rules of civil procedure, and informs the trial court of what the
party requests and the basis for the request, and (2) obtain a ruling from the
trial court or object to the trial court’s refusal to rule. Id.; In re Commitment of Hill, 334 S.W.3d 226, 229 (Tex. 2011) (“A party preserves error
by a timely request that makes clear—by words or context—the grounds for the
request and by obtaining a ruling on that request, whether express or
implicit.”). Courts of appeals may not review issues that are not preserved for
appeal. Tex. R. App. P. 33.1(a); Bushell
v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh’g). We conclude that Bruce has waived issues three,
five, ten, and seventeen, as enumerated above, by failing to preserve the
issues for appeal. 

With respect to issue three, the
rules of civil procedure require a party seeking recusal to file a verified
motion to recuse stating the grounds for recusal at least ten days before a
trial or hearing. See Tex. R. Civ. P. 18a(a). Bruce never
moved to recuse the trial judge. He therefore has not preserved issue three for
appeal. See Zurita v. Lombana, 322
S.W.3d 463, 471 n.2 (Tex. App.—Houston [14th Dist.] 2010, pet. denied)
(determining that party waived complaint by failing to move for recusal); Harris v. Winston, No. 01-05-00962-CV,
2007 WL 1500279, at *3 n.5 (Tex. App.—Houston [1st Dist.] 2007, pet. dism’d
w.o.j.) (declining to reach issue where appellant failed to demonstrate that he
filed motion to recuse in trial court prior to final judgment); see also In re Wilhite, 298 S.W.3d 754, 757 (Tex. App.—Houston
[1st Dist.] 2009, no pet.) (“Recusal must be preserved for appeal or it is
waived.”).

With respect to issue five, “[t]o preserve error in the
exclusion of evidence, a party must (1) attempt during the evidentiary portion
of the trial to introduce the evidence; (2) if an objection is lodged, specify
the purpose for which [the
evidence] is offered and give the trial court reasons why the evidence is
admissible; (3) obtain a ruling from the court; and (4) if the court rules the
evidence inadmissible, make a record, through a bill of exceptions, of the
precise evidence the party desires admitted.”  Ulogo v. Villanueva, 177 S.W.3d 496,
501–02 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Bruce did not satisfy
these prerequisites with respect to any piece of evidence he offered at trial
that was not admitted by the trial court. He has therefore waived any complaint
about the exclusion of evidence. See id.  

With respect to issue ten, Bruce has not shown that he
raised his complaints relating to Mary’s evidence or alleged conduct before the
trial court in a timely manner that complied with the rules of civil procedure
or that the trial court ruled on his complaints. Bruce has therefore waived
this issue. See Tex. R. App. P. 33.1(a); In re Commitment of Hill, 334 S.W.3d at 229.

With respect to issue seventeen, Bruce complains for the
first time on appeal that the trial court’s spousal maintenance award violates
section 8.055 by exceeding the limitation on the amount that may be awarded
under subsection (a). See Tex. Fam. Code Ann. § 8.055(a) (West 2006) (limiting amount of
maintenance trial court may order to lesser of $2,500 or twenty percent of
spouse’s average monthly gross income). Bruce contends that he has no monthly
income and that the maximum amount maintenance that could be awarded against
him is therefore $0. See id. §
8.055(a)(2). Bruce did not raise this issue in his post-judgment filings or
otherwise bring the issue before the trial court and obtain a ruling. He
therefore cannot raise this issue on appeal. See Tex. R. App. P.
33.1(a).




 

Issues Waived Due to Inadequate Briefing

          The
rules of appellate procedure require a party’s brief to contain a “clear and
concise argument” for the party’s contentions and “appropriate citations to
authorities and to the record.” Tex. R.
App. P. 38.1(i). A party who fails to support his or her contentions
with authority or citations to the record when appropriate waives the issue due
to inadequate briefing. E.g., Izen v. Comm’n For Lawyer Discipline,
322 S.W.3d 308, 326 (Tex. App.—Houston [1st Dist.] 2010, pet. struck) (holding
that party waived issue by failing to cite relevant legal authority to support
argument); Morrill v. Cisek, 226 S.W.3d 545, 548–49 (Tex.
App.—Houston [1st Dist.] 2006, no pet.) (holding party waived issues by failing
to cite to record and authority). This rule applies to pro se litigants as well
as litigants represented by legal counsel; otherwise, pro se litigants would
have an unfair advantage over represented litigants. See Mansfield State Bank v.
Cohn, 573 S.W.2d 181, 184–85 (Tex. 1978) (“There cannot be two sets
of procedural rules, one for litigants with counsel and the other for litigants
representing themselves.
Litigants who represent themselves must comply with the applicable procedural
rules, or else they would be given an unfair advantage over litigants
represented by counsel.”); Morris v. Am. Home Mortg. Serv., Inc., No. 01-09-00768-CV,
2011 WL 1631762, at *3 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, no pet.)
(holding pro se litigant waived issue by failing to support arguments with
appropriate citations to legal authority and record). We hold that Bruce has
waived issues one, two, four, six through nine, eleven, fourteen, fifteen, and sixteen
due to inadequate briefing. 

          Bruce
has waived issues one, two, six, and sixteen by failing to cite even a single legal
authority to support these contentions. In issues one and sixteen, Bruce even
fails to cite to any constitution provision that he contends the trial court
violated. Issues one, two, six and sixteen are thus waived. See Tex.
R. App. P. 38.1(i); Izen, 322 S.W.3d
at 326; Morris, 2011 WL 1631762, at *3.

Bruce has also waived issues seven and
nine by failing to cite legal authority when appropriate and necessary to
support his contentions. In issue seven, Bruce contends that the trial court
should have designated his and Mary’s divorce action as a complex case under
local rules because he was indigent and not represented by counsel. Although
Bruce cites to the pertinent local rule, he provides no argument or authority
to support his contention that indigency and lack of counsel are grounds for
designating a case as complex under the rule. Nor does the plain language of
the rule provide any indication that the rule was intended to apply to actions
involving pro se or indigent litigants without regard to the nature of the case
or the complexity of the legal issues involved. See Galveston Cnty. (Tex.)
Cnty. Ct. Loc. R. 3.19 (authorizing county courts at law to designate a case
as complex such that the court may have discretion to exceed the time limits
for disposition of cases established by rule 6(e) of the Rules of Judicial
Administration). Similarly, in issue nine, although Bruce cites the chapter of
the Texas Penal Code governing fraud and a case discussing fraud, these
authorities are not relevant to his contention that the manner in which the
trial court conducted this case constituted a fraud on him. See Tex.
Penal Code Ann. §§ 32.01–32.52; Fina Supply, Inc. v. Abilene Nat’l Bank, 726 S.W.2d 537, 540 (Tex. 1987) (holding
that statements as to legal effect of amending expiration date of letter of
credit could not support fraud claim). Bruce provides no argument as to how the
trial court’s alleged error in handling his divorce action can constitute fraud
under criminal or civil law and provides no authority relevant to such a claim.
Bruce has therefore waived issues seven and nine. See Tex. R. App. P. 38.1(i); Izen, 322 S.W.3d at 326; Morris, 2011 WL 1631762, at *3.

          Bruce has waived issues four, eight,
eleven, fourteen, fifteen, and seventeen by failing to provide a clear and
concise argument and to support it with appropriate citations to the record. See Tex. R.
App. P. 38.1(i). Although
we interpret rule 38.1(i)’s briefing requirements liberally, parties “must put
forth some specific argument and analysis showing that the record and the law supports
their contentions.” San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323,
338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Additionally, appellate
courts are not required to sift through the record without guidance from the
party to find support for a party’s bare assertion of error. See Reliant Energy Servs., Inc. v. Cotton
Valley Compression, L.L.C., 336 S.W.3d 764, 794 n. 36 (Tex. App.—Houston
[1st Dist.] 2011, no pet.); Curtis
v. Comm’n for Lawyer Discipline, 20 S.W.3d 227, 237 n.2 (Tex. App.—Houston [14th Dist.]
2000, no pet.); Wade v. Comm’n for Lawyer Discipline, 961 S.W.2d 366, 373 (Tex. App.—Houston
[1st Dist.] 1997, no pet.); Nawas v. R & S Vending, 920 S.W.2d 734,
737 (Tex. App.—Houston [1st Dist.] 1996, no writ).

In issue four, Bruce asserts that the trial court violated
section 8.052 of the Family Code by failing to consider some factors and giving
disproportionate weight to others. But Bruce does not support this contention
with any citations to the record or explain his basis for concluding that the
trial court did not consider certain factors or gave greater weight to certain
factors. He does not identify any evidence that favors him under the factors
identified in Section 8.052; nor does he specifically challenge any of Mary’s
evidence under these factors. See Tex. Fam. Code Ann. § 8.052 (West 2006). 

In issue fourteen, Bruce states in a single sentence that
Mary falsely claimed that the home in Hitchcock was her separate property. He
does not support this assertion with a single citation to legal authority or
the record, nor does he provide any argument to support it. Mary put forth
evidence at trial that she inherited the house from her parents, and Bruce
identifies no contrary evidence. Issues four and fourteen are thus waived. See Tex. R.
App. P. 38.1(i); San Saba Energy, 171 S.W.3d at 338.

With respect to issues eight and eleven, Bruce does not cite
to any place in the record to support his allegation that the trial court
engaged in ex parte communications or his accusations against Mary’s attorney. With
respect to issue fifteen, Bruce does not identify in basis in the record to
support his assertion that the trial court determined some unspecified pistol
to be Mary’s separate property; to the contrary, the trial court’s final
judgment identifies only the real property in Hitchcock as separate property
belonging to Mary. These issues are thus also waived. See Tex. R. App. P. 38.1(i); Wade, 961 S.W.2d at 373 (“An appellate
court is under no duty to make an independent search of the record for evidence
supporting an appellant’s position.”).

Marital Settlement Agreement

          In his thirteenth issue,
Bruce contests the trial court’s failure to enforce the martial settlement
agreement filed with the parties’ original petition for divorce. Agreements
between spouses entered into incident to a divorce are governed by section
7.006 of the Family Code. See Tex. Fam. Code Ann. § 7.006 (West
2006). Section 7.006 provides that spouses seeking a divorce may enter into a
written agreement concerning the division of the property and the liabilities
of the spouses and maintenance of either spouse. Id. § 7.006(a). Such an agreement may be revised or repudiated by
either spouse before the trial court renders its final divorce judgment, unless
the agreement is binding under another rule of law.[2] Id.; see Cayan v. Cayan, 38 S.W.3d 161, 164 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied). Additionally, if the trial court
finds that the terms of an agreement incident to divorce are not just and
right, the trial court may request that the parties revise the agreement or it
may set the case for a contested hearing. Tex.
Fam. Code Ann. § 7.006(c); see
Cayan, 38 S.W.3d at 164.

We will not reverse the trial
court’s judgment to the extent it can be upheld on any legal theory that finds
support in the record. Gainous v. Gainous,
219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Here, the
trial court set aside the parties’ agreement and set the case for a contested
hearing. This action can be upheld under Section 7.006(c) if there is support
in the record for the trial court’s determination that the agreement did not
provide for a fair and just division of the Criders’ community estate. See Tex.
Fam. Code Ann. § 7.006(c); see
also Markowitz v.
Markowitz, 118 S.W.3d 82, 89
(Tex. App.—Houston [14th Dist.] 2003, pet. denied) (holding that trial court
has discretion to approve or reject agreement incident to divorce in order to
ensure just and right division of marital estate). The record contains
evidence that supports the trial court’s determination that the marital
settlement agreement was not just and fair, including evidence that the home in
Hitchcock was Mary’s separate property that she inherited from her parents. We
therefore hold that the trial court did not err in setting the case for
contested hearing. See Tex. Fam. Code Ann. § 7.006(c); Markowitz, 118 S.W.3d at 89; cf. Hogan
v. Hogan, No. 05-00-00048-CV, 2001 WL 221542, at *4–5 (Tex. App.—Dallas
Mar. 7, 2001, no pet.) (holding that trial court properly conducted contested
hearing on divorce action when record supported trial court’s determination
that parties’ divorce agreement was too vague to enforce). 

Federal Gun Laws

          In
issue twelve, Bruce challenges the order in the final judgment requiring him to
deliver the Browning handgun to Mary’s attorney, asserting that the order
violates section 922(a)(3) and (b)(3) of the United States Code, as well as U.S.
postal service regulations. The order states: 

IT IS HEREBY ORDERED that
within 30 days from the entry of this Decree, [the Browning] hand gun is to be
delivered by shipment or U.S. Mail, to the Law Offices of Gerson D. Bloom,
1023- – 21st Street, Galveston, Texas 77550.

 

The testimony at trial establishes
that Bruce took the Browning handgun and other property with him to his new
residence in Colorado and that the handgun was still located in Colorado at the
time of trial. Delivering the handgun to Mary’s attorney’s office in Texas
therefore requires transportation of the gun across state lines. The testimony
also establishes that the gun was owned by Mary’s father, who gave it to Bruce
and Mary as a gift. 

          Section
922(a)(3) prohibits a person who is not a licensed importer, manufacturer,
dealer or collector of firearms from transporting into or receiving in the
state where he or she resides any firearm purchased or otherwise obtained by
that person outside the State, with certain exceptions. 18 U.S.C. § 922(a)(3)
(2005). We hold that the trial court’s order can be complied with without
violation of this statute because, although the order requires Mary to receive
the Browning handgun in Texas, Mary did not purchase or obtain the handgun
outside of Texas. The handgun was given to Bruce and Mary by Mary’s father in
Texas, and possession of the handgun was awarded to Mary by the trial court in
Texas. Cf. id.

          Section
922(b)(3) prohibits a licensed importer, manufacturer, dealer or collector of
firearms from selling or delivering a firearm to a person who the licensee
knows or has reasonable cause to believe does not reside in the state in which
the licensee’s place of business is located, with certain exceptions. See 18 U.S.C. § 922(b)(3). We hold that
the trial court’s order can be complied with without violation of this statute
because Bruce is not a licensed importer, manufacturer, dealer or collector of
firearms with a place of business outside of Texas. Cf. id.

          Bruce
does not specify which U.S. postal service regulations prohibit him from
mailing a firearm. Regardless, Bruce need not deliver the handgun to Mary via
U.S. mail to comply with the trial court’s order. The trial court’s order is
broad enough to allow Bruce to deliver the handgun to Mary via any method of
shipment he deems lawful and appropriate. We read the order as broad enough to
permit personal delivery. Bruce does not contend that he may not legally
transport the handgun across state lines himself, as he did when he took the
handgun from Texas to Colorado prior to trial. 

We therefore conclude that Bruce
has not demonstrated that he cannot comply with the trial court’s order without
violating subsection (a)(3) and (b)(3) of section 922 of the United States Code
or U.S. postal service regulations. See 18
U.S.C. §§ 922(a)(3), (b)(3).

Conclusion

We hold that the trial court did
not err in setting the Criders’ divorce action for a contested hearing and that
Bruce has not demonstrated that federal law or U.S. postal service regulations
preclude him from complying with the trial court’s order regarding delivery of
the Browning handgun to Mary. We hold that Bruce has either waived or failed to
preserve for appeal all other issues he raises here. We therefore affirm the
trial court’s judgment.




 

Appellant’s “Amended Motion to
Reform Judgment” and any other motions filed by appellant with this Court are
dismissed as moot to the extent they seek relief beyond that granted in this
opinion.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.











[1]
          The trial transcript indicates
that the Criders ran a business together called Cutting Edge Carpentry. There
is testimony that Cutting Edge Carpentry was a d/b/a and not a partnership, and
the parties’ testimony is unclear as to whether Cutting Edge Carpentry still
existed as either a registered business entity or assumed name at the time of
trial.

 





[2]           Bruce does not assert that the marital
settlement agreement is binding under another rule of law.