**Ann C. MORRILL, Appellant**

v.

**Lawrence J. CISEK, Jr., Appellee.**

**No. 01–06–00268–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 21, 2006.

Ann C. Morrill, Owings Mills, MD, pro se.

Laura D. Hermer, Missouri City, TX, for appellee.

Panel consists of Chief Justice RADACK and Justices BLAND and JAMISON.*

## OPINION

JANE BLAND, Justice.

Ann C. Morrill appeals a judgment and permanent injunction entered in favor of her ex-husband, Lawrence J. Cisek, Jr. Morrill contends (1) the trial court erred in entering a judgment in favor of Cisek because Cisek did not prove the elements of his causes of action beyond a preponderance of the evidence, (2) the trial court erred in awarding Cisek damages and entering a permanent injunction without allowing discovery or a trial, depriving Morrill of due process rights, (3) the trial court's permanent injunction is overbroad, and (4) the trial court erred in denying Morrill's motion to dismiss for forum non conveniens. We conclude that (1) Morrill waived her first three issues because of inadequate briefing, (2) the trial court did not err in awarding Cisek $25,000 in damages for his libel per se claim, and (3) Morrill waived her complaint regarding the motion to dismiss for forum non conveniens because she never secured a ruling on the motion. We therefore affirm.

## Background

Cisek sued Morrill for defamation and intentional infliction of emotional distress, alleging that Morrill had written several false and defamatory letters to Cisek's employer, Baylor College of Medicine ("Baylor"), and to certain public officials concerning the parties' ongoing dispute over Cisek's child support obligations. In his petitions, Cisek sought recovery of monetary damages, as well as a permanent injunction prohibiting Morrill from contacting any employee or agent of Baylor, other than Cisek himself.

Morrill answered the lawsuit and filed a motion challenging the exercise of personal jurisdiction over her or, alternatively, seeking to transfer the suit to Maryland or to dismiss the suit on forum non conveniens grounds.[1] During a hearing on the motion, the trial court denied Morrill's special appearance, but did not sign a written order. Morrill then filed an interlocutory appeal from this ruling. *Morrill v. Cisek,* No. 13–03–00400–CV, 2003 WL 22208631, at *1 (Tex.App.-Corpus Christi Sept. 25, 2003, no pet.). While Morrill's interlocutory appeal was pending, the trial court ordered Morrill to answer Cisek's discovery requests. Morrill failed to comply with the discovery order and the trial court struck her answer to the lawsuit in July 2003. The Corpus Christi Court of Appeals dismissed Morrill's interlocutory appeal for lack of jurisdiction on September 25, 2003. *Id.*

In September 2003, Cisek moved for entry of judgment. The trial court held a hearing on the motion on November 24, 2003. On December 3, 2003, the trial

---

* The Honorable Martha Hill Jamison, judge of the 164th District Court of Harris County, participating by assignment. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).

1. Morrill, who appeared pro se, resides in Maryland and is a board-certified endocrinologist and a law school graduate.

court signed a written order denying Morrill's special appearance. In response, Morrill filed another interlocutory appeal challenging the trial court's denial of her special appearance. *Morrill v. Cisek*, Nos. 01–03–01336–CV, 01–04–00266–CV, 2005 WL 2123714, at *1 (Tex.App.-Houston [1st Dist.] Aug. 31, 2005, pet. denied). On February 2, 2004, while the interlocutory appeal was pending, the trial court entered a judgment in favor of Cisek, ordered that Morrill be "permanently enjoined from contacting any officer, agent or employee of [Baylor]" or of any other employer of Cisek, and awarded Cisek $1,189.96 for costs of court. Morrill then filed a third appeal, challenging the trial court's rendition of judgment in favor of Cisek. *Id.* at *4–*5. This court considered the second and third appeals together. *Id.* at *1. We affirmed the trial court's denial of Morrill's special appearance but reversed the trial court's judgment in favor of Cisek because the trial court rendered judgment while the second interlocutory appeal was pending. *Id.* at *2–*5. We remanded to the trial court for further proceedings. *Id.* at *5. The Texas Supreme Court denied review.

In September 2005, Cisek again moved the trial court for entry of judgment. The trial court held an evidentiary hearing on damages, attended by Cisek and his counsel. Morrill appeared by telephone. The trial court entered judgment in favor of Cisek, noting that it struck Morrill's answer for "repeated discovery violations and violations of court orders," pursuant to Rules 215.2 and 239 of the Texas Rules of Civil Procedure. The trial court awarded Cisek $25,000 in damages for his libel per se claim. The trial court also entered a permanent injunction preventing Morrill from contacting Baylor, Texas Children's Hospital, any other entity within the Texas Medical Center, and any other employer of Cisek concerning any personal or financial matters directly or indirectly relating to Cisek.

### Morrill's First Three Issues

In her first three issues, Morrill contends (1) the trial court erred in entering a judgment in favor of Cisek because Cisek did not prove the elements of his causes of action beyond a preponderance of the evidence, (2) the trial court erred in awarding Cisek damages and entering a permanent injunction without allowing discovery or a trial, depriving Morrill of her due process rights, and (3) the trial court's permanent injunction is overbroad. Cisek responds that Morrill waived these issues because her briefing is inadequate. We consider these issues together.

Texas Rule of Appellate Procedure 38.1(h) requires that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h). "Rule 38 requires [a party] to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.* "Issues on appeal are waived if an appellant fails to support his contention by citations to appropriate authority or cites only to a single non-controlling case." *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex.App.-Houston [1st Dist.] 2006, no pet.); *Daniel v. Falcon Interest Realty Corp.*, 190 S.W.3d 177, 189 (Tex.App.-Houston [1st Dist.] 2005, no pet.).

Morrill's argument with respect to her first three issues does not contain a

single citation to a legal authority or the record. We therefore hold that Morrill has waived her first three issues because of inadequate briefing. TEX.R.APP. P. 38.1(h); *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex.App.Houston [1st Dist.] 2002, no pet.).

### Damages

In the section of Morrill's brief entitled "Statement of the Case," she contends, "[t]he lower court nonetheless awarded Lawrence J. Cisek, Jr. pain and suffering damages of $25,000 despite admitting that there was no testimony from Lawrence J. Cisek, Jr. that he had suffered." [2] Morrill also requests reversal of the damage award in her conclusion and in the prayer for relief. We address this issue and construe Morrill's statements as a challenge to the legal sufficiency of the evidence to support the trial court's damage award. *See City of Arlington v. State Farm Lloyds*, 145 S.W.3d 165, 167 (Tex.2004) (holding record references in statement of facts of appellate brief were sufficient to raise no evidence point when coupled with argument); *Scottsdale Ins. Co. v. Nat'l Emergency Servs., Inc.*, 175 S.W.3d 284, 300 (Tex.App.-Houston [1st Dist.] 2004, pet. denied) (construing issue that asserted there was insufficient evidence to support jury's damage findings as legal sufficiency challenge).

▬ The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.

2005). In making this determination, we credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* So long as the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment for that of the fact-finder. *Id.* at 822. The trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819. Although we consider the evidence in the light most favorable to the challenged findings, indulging every reasonable inference that supports them, we may not disregard evidence that allows only one inference. *Id.* at 822.

A libel is a defamation expressed in written or other graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.

TEX. CIV. PRAC. & REM.CODE ANN. § 73.001 (Vernon 2005). Libel per se means the written or printed words are so obviously hurtful to the person aggrieved that they require no proof of their injurious character to make them actionable. *Knox v. Taylor*, 992 S.W.2d 40, 50 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Defamation is actionable per se if it injures a person in his office, business, profession, or occupation. *Id.* A false statement that charges a

---

**2.** At the judgment hearing, the trial court stated,

> The testimony I heard indicates that Dr. Cisek, as far as I can tell, has not suffered any economic direct—direct loss as a result of the Defendant's actions. You've given me some case law that indicates that if the

libel is libelous per se, that the law presumes damages. What is it that—I haven't heard any evidence of mental anguish in the case. What is it that you expect the Court to award damages in terms of mental anguish?

person with the commission of a crime is also libelous per se. *Leyendecker & Assocs., Inc. v. Wechter,* 683 S.W.2d 369, 374 (Tex.1984).

 The evidence in this case supports a finding of libel per se. Morrill sent letters to government officials and Baylor alleging that Cisek had forged documents, committed fraud against Baylor, never willingly paid child support, and misappropriated $35,000 from his child's Uniform Gifts to Minors Act account. These letters were libelous per se because they accused Cisek of crimes, and injured Cisek in his profession. *Id.; Knox,* 992 S.W.2d at 50; *Bradbury v. Scott,* 788 S.W.2d 31, 38–39 (Tex.App.-Houston [1st Dist.] 1989, writ denied) (holding that to charge employee with dishonesty in his dealings with his employer is defamatory per se because it falls within general classification of words that affect person injuriously in his profession or occupation).

 Compensatory damages in defamation cases are divided into two categories: general[3] and special.[4] *Peshak v. Greer,* 13 S.W.3d 421, 427 (Tex.App.-Corpus Christi 2000, no pet.). General damages include mental anguish and injury to a person's reputation that naturally flow from the libel. *Id.* "Once injury to reputation is established, a person defamed may recover general damages without proof of other injury." *Leyendecker,* 683 S.W.2d at 374; *Knox,* 992 S.W.2d at 60 ("In the recovery on a claim of defamation *per se,* the law presumes actual damages and no independent proof of damages to reputation or of mental anguish is required."); *Marathon Oil Co. v. Salazar,* 682 S.W.2d

624, 630 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.) (holding that words that are libelous per se are so obviously hurtful to person aggrieved by them that they require no proof of their injurious character to make them actionable); *Bellefonte Underwriters Ins. Co. v. Brown,* 663 S.W.2d 562, 583 (Tex.App.-Houston [14th Dist.] 1983) ("The law presumes actual damages if libel per se is proven."), *rev'd in part on other grounds,* 704 S.W.2d 742, 745 (Tex.1986). The amount of damages in a defamation case is peculiarly within the province of the fact-finder, and an appellate court will not disturb the verdict or award unless it appears from the record to be excessive or the result of passion, prejudice, or other improper influences. *Bolling v. Baker,* 671 S.W.2d 559, 571 (Tex.App.-San Antonio 1984, writ dism'd w.o.j.).

 As the trial court observed, Cisek did not specifically prove any special damages. To support the trial court's award of general damages, Cisek testified at the hearing that Cyndi Baily, general counsel for Baylor, informed him that government officials and officers of Baylor were calling her office about Morrill's letters. Baily also informed Cisek that the letters were threatening his career at Baylor, and that Morrill's conduct was inconsistent with a continued employee/employer relationship between Cisek and Baylor. Cisek testified that he has not been promoted since he began working at Baylor, and that several initiatives he introduced had not moved forward. Cisek's salary has not increased since he began working at Baylor. Cisek testified that if Baylor had fired him be-

---

**3.** "[G]eneral damages" are "[d]amages that the law presumes follow from the type of wrong complained of." BLACK'S LAW DICTIONARY 394–95 (7th ed.1999).

**4.** "[S]pecial damages" are "[d]amages that are alleged to have been sustained in the circumstances of a particular wrong. To be awardable, special damages must be specifically claimed and proved." BLACK'S LAW DICTIONARY 396 (7th ed.1999).

cause of Morrill's allegations of fraud, it would have been almost impossible for him to secure future employment as a physician or professor. Viewing the evidence in the light most favorable to the trial court's finding, we conclude that the evidence presented by Cisek at the judgment hearing would enable reasonable and fair-minded people to find that Cisek had sustained general damage to his reputation as a result of Morrill's letters. *See City of Keller*, 168 S.W.3d at 827. The evidence is therefore legally sufficient to support the trial court's award of damages for Cisek's claim of libel per se. We further hold that legally sufficient evidence supports the trial court's finding of $25,000 as a reasonable amount of damages. *See Peshak*, 13 S.W.3d at 427; *Bellefonte*, 663 S.W.2d at 583 (holding that award of $50,000 was reasonable); *Bayoud v. Sigler*, 555 S.W.2d 913, 916 (Tex.Civ.App.-Waco 1977, writ dism'd) (holding that award of $25,000 was reasonable).

### Forum Non Conveniens

In her fourth issue, Morrill contends the trial court erred in denying her motion to dismiss for forum non conveniens. Cisek responds that Morrill waived this issue by never obtaining a ruling on the motion.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaining party made the complaint to the trial court by a timely request, objection, or motion. Tex. R.App. P. 33.1(a). The complaining party must also state the grounds for the request, objection, or motion, unless the grounds are apparent from the context. *Id.* Furthermore, the trial court must either rule on the request, objection, or motion, expressly or implicitly, or refuse to rule, and the complaining party must object to the refusal. *Id.*

 The record in this case contains no evidence that Morrill received a ruling on her motion to dismiss for forum non conveniens. Morrill has therefore not preserved this issue for our review. *Id.*

### Conclusion

We hold that (1) Morrill waived her first three issues because of inadequate briefing, (2) the trial court did not err in awarding Cisek $25,000 in damages for his libel per se claim, and (3) Morrill waived her complaint regarding the motion to dismiss for forum non conveniens because the trial court never ruled on the motion. Accordingly, we affirm the judgment of the trial court.