Opinion issued February 10, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00726-CV

———————————

Edward Ferro and Jon Orechia, Appellants

V.

Arthur
Dinicolantonio and Stephen Dinicolantonio, Appellees



 



 

On Appeal from the County Court at Law No. 3

Galveston County, Texas



Trial Court Case No. 56295

 



 

MEMORANDUM OPINION

In this commercial dispute, Arthur
Ferro and Jon Orechia appeal the judgment against them and in favor of brothers
Arthur Dinicolantonio and Stephen Dinicolantonio on contracts involving the
construction and sale of recreational boats. 
Ferro contends that the trial court erred in granting partial summary
judgment on Ferro’s admitted breach of various agreements to refund advances
used to pay vendors, acquire boats, and purchase materials for building boats. Ferro
also contends that the trial court abused its discretion in excluding Arthur’s
deposition testimony, in which he invoked his fifth-amendment right against
self-incrimination.  Orechia contends,
and the Dinicolantonios agree, that the judgment does not correctly state the
amount of damages and prejudgment interest for which Orechia is jointly liable,
as the claims against him are not coextensive with the claims against Ferro.  

We hold
that Ferro’s challenge to the partial summary judgment is without merit.  We further hold that Ferro waived his
complaint concerning the trial court’s ruling on the proffered deposition testimony.  We hold that the judgment does not accurately
state Orechia’s joint liability in accord with the jury’s findings.  While the Dinicolantonios agree that the
judgment misstates the amount owed, the parties do not agree on the amount for
which Orechia is liable.  As Orechia did
not present this issue in the trial court, we remand the case for the limited
purpose of reforming the judgment to correctly state the amount of the judgment
for which Orechia is jointly liable.  We
affirm the remainder of the judgment.

Background

In 1998, the Dinicolantonios bought a boat manufacturing
business, American Offshore (“AO”), from Edward Ferro.  They then entered into a licensing agreement
with Ferro under which Ferro ran the business, using AO’s equipment and other
assets, and maintaining possession of AO’s warehouse.  In return, Ferro was to pay a royalty to the
Dinicolantonios on each boat sold. 
Orechia built boats with his brother, Ferro.

The Dinicolantonios continued to work with Ferro, advancing
funds for boat construction materials and working with prospective boat
buyers.  When Ferro failed to pay
royalties due or repay loans owed, the Dinicolantonios sued Ferro for breach of
contract.  

Soon after the Dinicolantonios filed the suit against him,
Ferro transferred two parcels of real property to Orechia by quitclaim
deeds.  The Dinicolantonios discovered
the transfer and revised their pleadings to name Orechia as a defendant and
bring a fraudulent transfer action against him. 
See Tex. Bus. & Com. Code Ann. § 24.005 (Vernon 2002).

The
Dinicolantonios moved for partial summary judgment on Ferro’s liability for
certain amounts owed and on Ferro’s offset counterclaim.  The trial court granted both motions.  The parties proceeded to trial on the
remaining claims.  Among other findings,
the jury found that Ferro breached the licensing agreement and misappropriated
assets.  The jury also made an
affirmative finding against both Ferro and Orechia on the fraudulent transfer
claim.  The trial court entered judgment
on the jury’s findings.  The judgment
holds Ferro and Orechia jointly and severally liable for the awards based on all
of the jury’s findings against Ferro on the contract claims, and does not limit
Orechia’s liability to the amount relating to the unlawful transfer.

Discussion

I.       Partial
summary judgment

          Ferro
first contends that the trial court erred in granting summary judgment on Ferro’s
liability for payment of business loans and fees owed under the licensing
agreement, claiming that the evidence raises a fact issue about the amount of actual
damages owed.  But in his deposition,
Ferro admitted to owing the amounts sought in the Dinicolantonios’ motion:

Q.      Did Mr. Dinicolantonio write you a check on February 2, 2004,
for $17,000?

A.      Most likely, yes.

. . . 

Q.      You’re not disputing that you owe Mr. Dinicolantonio $17,000?

A.      No.

Q.      —based on that check that he wrote you on February 3, 2004?

A.      No.

Q.      I’m going to show you two checks by Mr. Dinicolantonio to
American Offshore that were negotiated by American Offshore Original, your
company, January 30, 2005, and February 7, 2005 for $5,000 apiece.

A.      (Reviewing document) Uh-huh.

Q.      Are you disputing in any way that you owe Mr. Dinicolantonio
those amounts?

A.      No. 

Q.      Okay.  Are you saying
that you have paid him those amounts already?

A.      No.

. . . 

Q.      Okay.  Are you familiar
with a situation where Mr. Dinicolantonio purchased a boat on behalf of—or from
a man named Terry Maxey?

A.      Uh-huh.

Q.      Did you and Mr. Dinicolantonio have an agreement that American
Offshore would sell the boat and that he would get the purchase price back?

A.      Yeah. . . .

Q.      Was the boat eventually sold to Art Sabatan?

A.      Yes. . . . 

. . . 

Q.      Did Mr. Dinicolantonio ever get the purchase price back as
agreed?

A.      No.  No I got the money
for it.

Q.      Okay.

A.      It was $25,700 I believe.

Q.      And do you agree that . . . you and Mr. Dinicolantonio
had a contract that he would get his purchase price back once that boat was
sold?

A.      Yeah.  He gets credit for
25-7 definitely on my account.

Q.      You’re not disputing that you owe Mr. Dinicolantonio $25,700
for that boat?

A.      No.  I’m not disputing
that, no.

Ferro pleaded offset as an affirmative defense and counterclaim.  In his response to the Dinicolantonios’
motion, Ferro claimed that he was entitled to an unspecified amount of credit
because the Dinicolantonios had removed boats from the business and either kept
or sold them, without paying Ferro his share of the profit or paying for
Ferro’s labor.  

Ferro neglects to mention that the
trial court disposed of Ferro’s offset counterclaim by granting the
Dinicolantonios’ motion for summary judgment on the affirmative defense of
limitations.  In connection with that
ruling, the trial court rendered a take-nothing judgment on that counterclaim.  He does not appeal that trial court ruling.  He does not show that the offset he claims in
response to the Dinicolantonios’ motion for partial summary judgment on the
specified and admitted debts differs from those presented in his
counterclaim.  Ferro also does not make
any argument specifically challenging the trial court’s ruling that any claim to
an offset is time-barred because it relates to transactions that predate the
applicable four-year statute of limitations.  Nor does he identify any evidence in the
record or legal authority to support his contention.  We therefore hold that Ferro this issue lacks
merit.  See Tex. R. App. P.
38.1(f), (i); Morrill v. Cisek, 226 S.W.3d
545, 548–49 (Tex. App.—Houston [1st Dist] 2006, no pet.); see also Progressive Cty. Mut. Ins. Co. v. Boyd, 177 S.W.3d 919,
921 (Tex. 2005) (observing that subsequent events in trial court may render
harmless any error in granting summary judgment).

II.      Exclusion
of Arthur’s deposition testimony

          Ferro
next contends that the trial court erred in excluding Arthur’s deposition
testimony, in which Arthur initially invoked his right to fifth-amendment
protection in response to a series of questions.  Arthur later reversed his position and
provided substantive answers to those questions.  The Dinicolantonios’ motion in limine asked
the trial court to exclude any reference to Arthur’s assertion of his
fifth-amendment rights because (1) his reversal of position during the same deposition
did not permit the fact finder to draw an adverse inference from his initial
assertion of the right and (2) any probative value would be substantially
outweighed by the danger of unfair prejudice. 
See Tex. R. Evid. 403, 513(c); Lozano v. Lozano, 52 S.W.3d 141, 150 (Tex. 2001) (Phillips, C.J.,
concurring) (observing that civil rules permit fact finder to draw reasonable
inferences from party’s assertion of privilege against self-incrimination).

The record shows that the trial
court did not exclude the requested testimony. 
When the parties prepared to tender Arthur’s deposition testimony at
trial, the trial court indicated that it would admit Arthur’s assertions of his
fifth-amendment right.  The
Dinicolantonios then sought to present, under the rule of optional
completeness, additional testimony showing that Arthur later decided not to invoke
the privilege and instead chose to answer the questions.  See Tex. R. Evid. 107.  The trial court granted the Dinicolantonios’
request to add the proffered testimony.  Ferro’s
attorney objected, “Judge, that’s an attempt to unring the bell.  That’s not—that’s not right.”  The trial court responded, “Well, I am going
to allow it.”  Ferro’s attorney replied, “Then,
I am not going to read it.  I am going to
read it into a bill of exception and not while Mr. Dinicolantonio is on the
stand.”  

The trial court agreed to allow the testimony in
which Arthur asserted his Fifth Amendment right.  It was trial counsel’s choice to withdraw it
upon the trial court’s decision to allow further testimony on the matter.  Trial counsel provided no basis for an
objection to the additional testimony.  To
preserve error for appellate review, the party must timely object at trial and
state the grounds for the objection with sufficient specificity to make the
trial court aware of the complaint, unless the specific grounds are apparent
from the context. Tex. R. App. P.
33.1(a)(1)(A); see also Tex.R. Evid. 103(a)(1).  Ferro waived this issue by withdrawing the
proffered testimony.  See Bay Area Healthcare Group, Ltd. v.
McShane, 239 S.W.3d 231, 235 (Tex. 2007) (noting that complaining party must timely and specifically
object to evidence and obtain ruling to preserve issue for appellate review).  




 

III.    Amount of
damages and prejudgment interest owed by Orechia

The jury found that Ferro
fraudulently transferred the two pieces of property to Orechia.  In his issue on appeal, Orechia contends that
the judgment erroneously holds him jointly and severally liable for damages and
prejudgment interest that should have been assessed against Ferro alone.  The Dinicolantonios agree that the judgment against
Orechia is incorrect.  The parties do not agree on the amount for which
Orechia is liable.  After reviewing the
record, we conclude that the trial court is in a better position to address and
resolve this issue.  We therefore reverse
the portion of the judgment against Orechia that holds him jointly and
severally liable for all of the damages and remand the case to the trial court
for the limited purpose of reforming the judgment to correctly state the amount
of damages.  We do not disturb the trial
court’s order allowing execution on the property.

Conclusion

We hold that Ferro’s complaint
concerning the trial court’s partial summary judgment was resolved by another
trial court ruling from which he does not appeal.  Ferro did not preserve his complaint about the
trial court’s evidentiary ruling because he withdrew the proffered testimony.  With respect to Orechia’s challenge, we hold
that the judgment does not correctly reflect the extent of his joint and
several liability for damages.  Because
the trial court has not had an opportunity to address this issue, and the
actual extent of Orechia’s liability is not readily ascertainable from the
record, we reverse the judgment with respect to Orechia and remand the case to the trial court
for the limited purpose of reforming the portion of the judgment relating to
the amount owed by Orechia.  We affirm
the remainder of the judgment.  All
pending motions are dismissed as moot.

 

                                                                   Justice
Bland

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.