**Opinion issued December 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00235-CV

_____

## ALFRED F. BERNAT, Appellant

## V.

## TOMAS & BENANCIA SOTELO, Appellees

---

### On Appeal from the 164th District Court
### Harris County, Texas
### Trial Court Case No. 2015-55357

---

### MEMORANDUM OPINION

Alfred Bernat petitioned for a bill of review in the trial court. The respondents, Tomas and Benancia Sotelo, moved to dismiss the petition. The trial court granted the motion and dismissed the case. On appeal, Bernat fails to challenge the sole ground for the dismissal with citations to the record and relevant case authorities. Accordingly, we affirm the dismissal.

## Background

In October 2011, Alfred Bernat sued Tomas Sotelo and Benancia Sotelo in a dispute over title to real property. The Sotelos moved for summary judgment against Bernat's claims, which the trial court granted in February 2013. Years later, Bernat appealed the summary judgment. Our court dismissed the untimely appeal for want of jurisdiction. *See Bernat v. Sotelo*, 01-13-00354-CV, 2014 WL 173479, at *2 (Tex. App.—Houston [1st Dist.] Jan. 16, 2014, pet. denied) (mem. op.).

In September 2015, Bernat petitioned in the trial court for a bill of review. The Sotelos moved to dismiss the case, observing that Bernat had brought the first lawsuit as a plaintiff and had participated in the earlier proceedings, which the trial court had resolved by summary judgment, and not by a default judgment. After conducting a hearing, the trial court dismissed the case.

## Discussion

Proceeding pro se, Bernat raises various challenges to the course of proceedings in the underlying case, including that: (1) the real estate transaction that formed the basis of his suit was illegal (2) he never waived his right to trial by jury (3) the trial court lacked jurisdiction (4) an affidavit was unconstitutionally notarized and (5) the court improperly acted sua sponte when a constitutional right was at stake. Bernat further claims that the underlying trial court judgment is void

2

because (1) no real estate contract existed between Bernat and the Sotelos (2) only one final judgment may be enforced (3) the judgment failed to identify the parties and (4) the interlocutory judgment improperly became final. Bernat attacks the integrity of the Sotelos, opposing counsel, and the trial court judge, accusing them of conspiring against him.

In his brief, Bernat does not cite to relevant legal authority, attempt to apply relevant authority to the facts of this appeal, or cite to the appellate record.

## I.      Standard of Review and Applicable Law

A bill of review is an equitable proceeding brought to set aside a judgment that is no longer subject to challenge by a motion for new trial or appeal. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). A bill of review plaintiff must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was unable to present due to the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any negligence of his own. *Caldwell*, 154 S.W.3d at 96; *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex. 1979). A bill of review plaintiff claiming lack of notice of a trial setting is relieved of proving the first two elements, but still must prove the third element: lack of fault or negligence. *Mabon Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *Caldwell*, 154 S.W.3d at 96–97. This element requires a party

to show that it diligently pursued all adequate legal remedies. *Mabon Ltd.*, 369 S.W.3d at 813. We review a trial court's ruling on a bill of review for an abuse of discretion, indulging every presumption in favor of the court's ruling. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

We hold a self-represented litigant, as Bernat is in this appeal, to the same standard as a licensed attorney. *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Litigants who represent themselves thus must comply with applicable rules of court. *Id.* at 185.

A complaint on appeal must address specific errors and not merely attack the trial court's order in general terms. *McGuire v. McGuire*, 4 S.W.3d 382, 385 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Hollifield v. Hollifield*, 925 S.W.2d 153, 155 (Tex. App.—Austin 1996, no writ).

Texas Rule of Appellate Procedure 38.1(h) requires that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2006, no pet.); TEX. R. APP. P. 38.1(h). "Rule 38 requires [a party] to provide us with such discussion of the facts

and the authorities relied upon as may be requisite to maintain the point at issue." *Morrill*, 226 S.W.3d at 548; *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Conclusory statements, unsupported by legal and record citations, do not meet the requirements of Rule 38. *See Morrill*, 226 S.W.3d at 548; *Tesoro*, 106 S.W.3d. at 128. Adequate briefing includes proper citation to the record. *See Borisov v. Keels*, 01-15-00522-CV, 2016 WL 3022603, at *1 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied); *Ashley Furniture Indus. Inc. ex rel. RBLS Inc. v. L. Off. of David Pierce,* 311 S.W.3d 595, 597 (Tex. App.—El Paso 2010, no pet.); *In re M.J.G.*, 248 S.W.3d 753, 760 (Tex. App.—Fort Worth 2008, no pet.); *Curtis v. Comm'n for Lawyer Discipline*, 20 S.W.3d 227, 236 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

## II.    Analysis

The Sotelos moved to dismiss Bernat's bill of review based on alleged pleading defects. The trial court granted the motion. Bernat does not address either the motion to dismiss or the trial court's ruling in his brief.

Bernat raises numerous complaints on appeal. None of these complaints, however, is accompanied by citations to the record, nor is any complaint related to either the motion to dismiss or the trial court's order by analysis of the record or citation to relevant authority. Adequate briefing requires proper citation to the

record and analysis of the applicable law. *See Borisov,* 2016 WL 3022603, at *1; *Ashley Furniture Indus.*, 311 S.W.3d at 597; *In re M.J.G.*, 248 S.W.3d at 760; *Curtis*, 20 S.W.3d at 236.

Accordingly, we hold that Bernat has waived his complaints due to inadequate briefing.

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice


Panel consists of Justices Radack, Jennings, and Bland.