**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-18-00156-CV

———————————————

## PORCHE PHILLIPS, Appellant

## V.

## CULLEN PARK APARTMENTS, Appellee

On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Case No. 1104155

## MEMORANDUM OPINION

Porche Phillips, proceeding pro se, appeals the default judgment rendered against her and in favor of Cullen Park Apartments on its forcible detainer action, claiming that the trial court erred in the calculation of damages. We affirm.

# BACKGROUND

In December 2016, Phillips signed a lease agreement with Cullen Park to rent an apartment. The Houston Housing Authority provided a partial subsidy for Phillips's rent payments. From February 2017 until the end of the lease term, Phillips failed to pay the unsubsidized portion of the rent that she owed to Cullen Park under the lease.

Cullen Park sued Phillips for forcible detainer in the justice court, and it obtained a judgment awarding it possession of the premises. Phillips appealed the justice court's judgment to the county court for trial de novo.

Phillips failed to appear for the trial setting. The trial court proceeded with the trial, heard Cullen Park's evidence, and signed a judgment awarding Cullen Park possession of the apartment, damages equal to the amount of unpaid rent owed by Phillips, attorney's fees, and court costs.

Phillips appeared in court a week later and learned that the trial court had held a trial and entered judgment. On the same day, Phillips filed a notice of appeal declaring:

> I'm trying to appeal this case due to me never receiving my next court date in the mail. I'm here today because today was the date the judge shouted out before I left the court. I would like to have another chance at proving my case.

2

## DISCUSSION

Interpreting her briefing broadly, Phillips challenges the accuracy of the amount of damages awarded to Cullen Park because it does not account for the share of her rent paid by the Housing Authority. *See Massey v. Massey*, No. 01–02–00196–CV, 2003 WL 21665612, at \*2 (Tex. App.—Houston [1st Dist.] July 17, 2003, pet. denied) (mem. op.) (observing that courts read pro se briefs broadly but may not apply a lesser legal standard). She observes that she must have paid some portion of the rent assigned to her for payment because she was not evicted for one year.

The record, however, reflects that Cullen Park and the trial court took the Housing Authority's payments into consideration in calculating the unpaid rent, by subtracting the amount paid by the Housing Authority from the total amount of rent owed under the lease, so that the damages award corresponds to the portion of the rent that Phillips had the obligation to pay. The calculation also credits Phillips for the amount that she paid into the court's registry in connection with the suit. Phillips did not allege or prove that she paid other funds toward the amount she owed under the lease. We therefore find her challenge without merit.

In her reply brief, Phillips raises additional complaints, including that the trial judge lacked impartiality, that her failure to appear for trial was unintentional, and that Cullen Park failed to give proper notice that her rental payments were late. To

3

the extent Phillips attempts to challenge the judgment on these grounds, her brief lacks citations to the record demonstrating that these complaints were presented for a ruling in the trial court; nor does her brief cite relevant case authorities. Adequate briefing includes proper citation to the record and case authority. *See Afshang v. Mortazavi*, No. 01-16-00171-CV, 2017 WL 711743, at *2 (Tex. App.—Houston [1st Dist.] Feb. 23, 2017, no pet.) (mem. op.); *Ashley Furniture Indus. Inc. ex rel. RBLS Inc. v. Law Office of David Pierce*, 311 S.W.3d 595, 597 (Tex. App.—El Paso 2010, no pet.); *In re M.J.G.*, 248 S.W.3d 753, 760 (Tex. App.—Fort Worth 2008, no pet.). Texas Rule of Appellate Procedure 38.1 requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "Rule 38 requires [a party] to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Morrill*, 226 S.W.3d at 548 (quoting *Tesoro Petrol. Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)). Although we interpret this requirement liberally, *see Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004), a brief that does not contain any citations to authorities or to the record for a given issue waives that issue. *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Trammell*

4

*v. Frost Nat'l Bank*, No. 01-05-00216-CV, 2006 WL 3513596, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 7, 2006, no pet.) (mem. op.).

Litigants appearing on their own behalf are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ). A pro se litigant must properly present her case on appeal, and we may not apply different standards for litigants appearing without the advice of counsel. *See Morris v. Am. Home Mortg. Serv., Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Because Phillips has not presented legal authority or citations to the record that support her other contentions, any remaining complaint is waived. *See Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Blagoev v. Hinderman*, No. 01-02-01336-CV, 2005 WL 1415331, at *2 (Tex. App.—Houston [1st Dist.] June 16, 2005, no pet) (mem. op.).

## CONCLUSION

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.