**Affirm and Opinion Filed October 3, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00567-CV

**DARLENE C. AMRHEIN, Appellant**
**V.**
**ATTORNEY LENNIE F. BOLLINGER, AND WORMINTON & BOLLINGER LAW FIRM, Appellees**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-02654-2017**

## OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Molberg

Darlene Amrhein, appearing pro se, appeals the trial court's order declaring her a vexatious litigant, pursuant to which the trial court subsequently dismissed with prejudice her claims against Attorney Lennie F. Bollinger, and Worminton & Bollinger Law Firm for failing to post the required security.[1] We affirm the trial court's order.

### BACKGROUND

This case has a long and complicated history. We recount that history only as necessary to resolve the single discernable issue on appeal, namely, whether the trial court erred in declaring Amrhein a vexatious litigant.

---

[1] Amrhein does not appear to contend on appeal that the trial court erred by dismissing her case for failure to post security.

Amrhein filed suit against appellees on October 26, 2017, and she filed an amended petition on November 27, 2017, asserting a legal malpractice claim and other claims. On December 22, 2017, appellees filed a Texas Rule of Civil Procedure 91a motion to dismiss all of Amrhein's claims except for the legal malpractice claim. On January 30, 2018, the trial court granted appellees' Rule 91a motion to dismiss.[2] The trial court's order required Amrhein to file an amended petition removing the dismissed causes of action within twenty days. The order stated that failure to do so could result in dismissal of the lawsuit.

On February 9, 2018, appellees filed a motion for an order determining Amrhein to be a vexatious litigant and requiring security pursuant to section 11.051 of the Texas Civil Practice and Remedies Code. After conducting a hearing on April 5, 2018, the trial court signed an order declaring Amrhein a vexatious litigant and requiring her to provide security by obtaining a bond in the amount of $160,000 by May 5, 2018, at 5 p.m. The trial court's order stated that if Amrhein failed to post the security as ordered, the lawsuit would be dismissed. Amrhein failed to post security, and on May 14, 2018, the trial court dismissed the lawsuit.[3]

Amrhein filed a notice of appeal on May 15, 2018, and she filed a pro se brief in this Court on October 30, 2018. On November 6, 2018, we ordered Amrhein to file an amended brief complying with Texas Rule of Appellate Procedure 38.1 no later than November 26, 2018. By subsequent order, we granted Amrhein an extension of time to file an amended brief. Amrhein's amended brief was filed in this Court on February 6, 2019.

---

[2] Specifically, the trial court dismissed Amrhein's claims for violations of the Texas Disciplinary Rules of Professional Conduct, breach of fiduciary duty, breach of contract, fraud, violations of the Deceptive Trade Practices Act (DTPA), violations of the Texas Rules of Civil Procedure, "Bad Faith," negligent misrepresentation, conspiracy, violations of constitutional rights, and discrimination. The trial court also dismissed all causes of action brought in Amrhein's representative capacity of Anthony Baliestreri, deceased, or his estate or trust.

[3] Although the order is not dated, there is no dispute the trial court signed its order dismissing the lawsuit for failure to post the requisite security on May 14, 2018.

## AMRHEIN'S BRIEF FAILS TO COMPLY WITH TEXAS RULE OF APPELLATE PROCEDURE 38.1

Initially, we recognize that Amrhein is acting pro se on appeal, and we must construe her brief liberally. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, our rules of appellate procedure have specific requirements for briefing, *see* TEX. R. APP. P. 38.1, and the law is well-settled that a party proceeding pro se must comply with all applicable rules. *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.). We may not apply different standards for litigants appearing without advice of counsel. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *see also Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Otherwise, pro se litigants would be afforded an unfair advantage over those represented by counsel. *See Sprowl v. Stiles*, No. 05-18-01058-CV, 2019 WL 3543581, at *4 (Tex. App.—Dallas Aug. 4, 2019, no pet.) (mem. op.). Therefore, on appeal, Amrhein must properly present her case according to the rules of appellate procedure.

### *Requirements of Texas Rule of Appellate Procedure 38.1*

The right to appellate review in Texas extends only to complaints made in accordance with our rules of appellate procedure, which require an appellant to clearly articulate the issues we will be asked to decide, to make cogent and specific arguments in support of its position, to cite authorities, and to specify the pages in the record where each alleged error can be found. TEX. R. APP. P. 38.1; *Lee v. Abbott*, No. 05-18-01185-CV, 2019 WL 1970521, at *1 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.); *Bolling*, 315 S.W.3d at 895 (rules require appellants to "state concisely the complaint they may have, provide understandable, succinct and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate").

We will not look outside an appellate brief for arguments in support of an issue when doing so would circumvent the rules of appellate procedure. *See Lee*, 2019 WL 1970521, at *1. Nor are we responsible for searching the record for facts or for conducting legal research that may be favorable to a party's position. *Id.*; *Bolling*, 315 S.W.3d at 895. If we did so, we would be abandoning our proper role as neutral arbiters and become advocates for a party. *Bolling*, 315 S.W.3d at 895.

Rule 38.1(f) requires Amrhein's brief to "state concisely all issues or points presented for review." TEX. R. APP. P. 38.1(f). If Amrhein does not adequately articulate the issues, her brief fails. *Bolling*, 315 S.W.3d at 896. Rule 38.1(i) requires Amrhein's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). If we must speculate or guess about Amrhein's contentions, her brief fails. *Bolling*, 315 S.W.3d at 896. Moreover, an appellate brief containing "[r]eferences to legal authority that have nothing to do with the issue to be decided" does not comply with Rule 38.1(i). *Id.* If Amrhein's brief does not cite "existing authority that can be applied to the facts of the case," her brief fails. *Id.*

The rules of appellate procedure additionally require Amrhein's brief to include a statement of facts that "state[s] concisely and without argument the facts pertinent to the issues or points presented." TEX. R. APP. P. 38.1(g). The statement of facts must be supported by record references. *Id.* To fulfill these requirements, Amrhein must "provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.* (quoting *Tesoro Petrol. Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)). Amrhein must explain how the law in the cited authorities applies

to the material facts in the record and supports her arguments on appeal.  *Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 363 (Tex. App.—Fort Worth 2018, pet. denied).

When the issue on appeal is unsupported by argument or lacks citation to the record or to legal authority, nothing is presented for review.  *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004).

*Amrhein's Brief Contains Little to No Cogent Argument,*
*Analysis, or Articulation of the Issues on Appeal*

Amrhein's amended brief utterly fails to comply with Rule 38.1.  Although Amrhein purports to present eighteen issues for our review, her brief fails to present applicable facts, argument, authorities, and record references for each purported issue.  To the contrary, Amrhein's brief is rambling and largely incoherent.  It consists mainly of a fifty-page string of jumbled and chaotic references to laws, constitutional rights, alleged crimes, wrongdoing, and complaints, making it difficult, if not impossible, to ascertain the issues presented.  For example, Amrhein articulates "Issue 1" and "Issue 2" as follows:

> **Issue 1:  United States Constitution,** Bill of Rights Applicable Amendments, 5th and 14th Amendment, Protection of Free Speech, Freedom of Religion, "Due Process," Access To Courts, "[sic] Life, Liberty & Property Protected, Rights to Redress, Grievances Heard, Legal Remedies, No Discriminations, As Guaranteed To All American Born Citizens, etc.;

> **Issue 2:  Texas Constitution, Adopted Federal Laws,** State Laws, Access to Courts, "Due Process," Religion, Freedom of Speech, Religion, Life, Liberty Property, Adopted Federal Laws, ADA Accommodations, Redress, Legal Remedies for Grievances by Un Bias [sic] Trier of Fact, No Discrimination & Equal Protection Clause To All Texas Residents Within United States of America;

All eighteen of Amrhein's "issues" are similarly articulated.

The brief also complains of action and wrongdoing by individuals who are not defendants in the underlying action, including judges and court clerks.  For example, Amrhein's "Issue 18" states:

**Issue 18:** **Conspiracy by More Than Two Defendants,** agreement, commingled, collusion, concealment, deceptions, stalking harassments, new personal injuries, judicial abuses, crimes_contrary [sic] to rules & laws, abuse sworn oath, authority & offices, abuse of discretion, no judicial duties, no examination of evidence & facts of lawsuit, no immunities for frauds & crimes committed, "Void Judgments," unjust enrichment benefits at Appellant's expenses, approximate total $350,000.00 for "no due process," as bias [sic] by legal professionals, organized crimes, extortion of money for favorable unjust rulings & sanctions, frauds & discriminations against "indigent," RICO, white collar crimes by Judges, Attorneys, Clerks' manipulate, slander, defamation, corruption, cause unnecessary litigation, destroys United States & Texas Judiciary & Appellant" [sic] to prevent all Courts' Justice in America!

Amrhein fails to concisely and coherently state the facts and the legal issues presented for our review; she fails to provide succinct, clear, and accurate arguments addressing how her complaints have merit in law and fact; and she fails to cite legal authority or appropriate references to the record with respect to her specific complaints. TEX. R. APP. P. 38.1(f), (h), (i). Any references made by Amrhein to the record or to legal authority are not accompanied by discussion, argument, or explanation of how such references relate to an issue on appeal. In short, Amrhein's brief provides no substantive analysis and makes no cogent argument. Our best efforts to construe an issue raised by Amrhein's brief leave us with only a complaint that the trial court erred by declaring her a vexatious litigant.

We conclude that Amrhein's complaints are inadequately briefed, and she has preserved no issue for our review except for the question of whether the trial court abused its discretion in declaring her a vexatious litigant.[4] *See* TEX. R. APP. P. 38.1; *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App.—Dallas 2007, pet. denied).

---

[4] Indeed, that is the only issue Amrhein could raise in this Court without an order from a local administrative judge permitting the filing. TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a), (d).

## THE TRIAL COURT DID NOT ERR BY DECLARING
## AMRHEIN A VEXATIOUS LITIGANT

Chapter 11 of the Texas Civil Practice and Remedies Code provides a mechanism to restrict vexatious litigation by pro se individuals who abuse the legal system by pursuing numerous frivolous lawsuits. TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–.104. The statute seeks to curb vexatious litigation by requiring plaintiffs found by the court to be "vexatious" to post security for costs before proceeding to trial. *Id.* §§ 11.051–.056.

Under Chapter 11, a defendant against whom a civil action is commenced, maintained, or pending may move the trial court for an order determining that the plaintiff is a vexatious litigant. *Id.* § 11.051. The court may find that a pro se plaintiff is a vexatious litigant if the defendant shows (1) there is a reasonable probability that the plaintiff will not prevail in the litigation, and (2) in the seven-year period immediately preceding the filing of the defendant's motion, the plaintiff "has commenced, prosecuted, or maintained at least five litigations as a pro se litigant" that were "finally determined adversely to the plaintiff," excluding any suits in small claims court. *Id.* § 11.054(1)(A).[5]

If the trial court determines the plaintiff is a vexatious litigant, then it must order the plaintiff to furnish security. *Id.* § 11.055. If the plaintiff does not timely furnish the security, the trial court has no option but to dismiss the litigation as to the defendant who filed the motion. *Id.* § 11.056. We review a trial court's order determining that a litigant is vexatious for an abuse of discretion. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.). Under this standard, we may not substitute our judgment for the judgment of the trial court. *Id.*

A hearing on appellees' motion seeking an order declaring Amrhein a vexatious litigant was held on April 5, 2018. However, the record on appeal does not include a reporter's record of

---

[5] Section 11.054 provides several alternative criteria by which a court may determine that a plaintiff is a vexatious litigant. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054.

the April 5 hearing.  In this case, without a reporter's record, we cannot review a trial court's order for an abuse of discretion.  *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied).  Moreover, "when an appellant fails to bring a reporter's record" of the hearing, we must presume the evidence presented was sufficient to support the trial court's order declaring Amrhein a vexatious litigant.  *See id.*

We therefore conclude the trial court did not abuse its discretion by declaring Amrhein a vexatious litigant or by dismissing the case when Amrhein failed to post the requisite security.  We resolve Amrhein's sole issue against her.

## AMRHEIN FAILED TO OBTAIN THE REQUISITE PERMISSION TO APPEAL ANY OTHER ISSUES

The Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a prefiling order, unless the litigant obtains an order from the local administrative judge authorizing the appeal.  TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a).  Therefore, to the extent Amrhein purports to appeal any order of the trial court other than the order declaring her a vexatious litigant, she was required to obtain an order from the appropriate local administrative judge permitting the filing.  *See id.*  Amrhein failed to do so.  Consequently, even if Amrhien's brief complied with the briefing requirements of Rule 38.1—which it does not—the Clerk of this Court is not authorized to file any such appeal.  *See id.*

We affirm the trial court's order.  We deny all other motions pending in this Court as moot.


/Ken Molberg//
KEN MOLBERG
JUSTICE

180567F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARLENE C. AMRHEIN, Appellant

No. 05-18-00567-CV          V.

ATTORNEY LENNIE F. BOLLINGER,
AND WORMINTON & BOLLINGER
LAW FIRM, Appellees

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-02654-2017.
Opinion delivered by Justice Molberg.
Justices Bridges and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees ATTORNEY LENNIE F. BOLLINGER, AND WORMINTON & BOLLINGER LAW FIRM recover their costs of this appeal from appellant DARLENE C. AMRHEIN.

Judgment entered this 3rd day of October 2019.