Opinion issued June 22, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00549-CV

————————————

**BARBARA LAMPLEY, Appellant**

**V.**

**D'NISHA STERLING, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCV-248776**

---

## MEMORANDUM OPINION

Appellant Barbara Lampley appeals from the trial court's final judgment awarding appellee D'Nisha Sterling default-judgment damages in her suit against Lampley. Lampley filed an appellant's brief that completely failed to comply with the mandatory briefing provisions in Rule 38.1 of the Texas Rules of Appellate

Procedure.[1]  The brief had no Statement of Facts and the Argument section consisted of just two conclusory sentences without citation to the record or any legal authority. *See* TEX. R. APP. P. 38.1(d), (g), (i).

We therefore struck Lampley's brief and ordered her to file a redrawn brief that complied with Rule 38.1 by May 15, 2023.[2]  We also informed Lampley that if she failed to comply with this Court's order, her appeal may be dismissed for want of prosecution.[3]

On May 16, a day late, Lampley filed a redrawn brief.  It again seriously fails to comply with Rule 38.1. *See id.* Lampley's redrawn brief does not contain a Statement of Facts or a Statement of the Case with record references. *See id.* 38.1(d), (g).  The Summary of the Argument is a single conclusory sentence. *See id.* 38.1(h). And the Argument section has no legal argument. *See id.* 38.1(h).  It consists of four

---

[1]  *See M&E Endeavors LLC v. Air Voice Wireless LLC*, No. 01-18-00852-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.) (explaining that the appellate briefing requirements are mandatory).

[2]  *See* TEX. R. APP. P. 38.9(a) ("If the court determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn."); *see also id.* 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.").

[3]  *See id.* 38.8(a) (when appellant fails to file brief, court of appeals may dismiss appeal for want of prosecution or, if appellee has filed brief, may regard that brief as correctly presenting issues and affirm trial court's judgment without examining record); *id.* 38.9(a) ("If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief.").

broad sentences, without any citation to legal authorities or the record, and then eight bullet-point statements of hornbook law, some with a citation and some without, that have no supporting argument and no reference to the record or the contentions made in this case.

In fact, Lampley does not include a single citation to the record anywhere in her redrawn brief. Although purporting to challenge the trial court's award of damages to Sterling, based on a lack of evidence and the statute of limitations, Lampley does not articulate any legal argument with record support to set aside the trial court's judgment.

As our supreme court has instructed, appellate courts should reach the merits of an issue whenever reasonably possible. *See Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 827 (Tex. 2022) (citation omitted). To enable an appellate court to do that, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Stated differently, in order for an appellate court to be able to address an issue, the appealing party must argue the issue's substance with legal and record support. *See St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020).[4]

---

[4] *See, e.g.*, *Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

An appellate court has no obligation to "fashion a legal argument for [an] appellant when she has failed to do so." *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 932 (Tex. App.—Houston [14th Dist.] 2008, no pet.).[5] Indeed, it is not an appellate court's duty to research the law that may support an appellant's contentions or to review the appellate record for facts that may support those contentions. *See Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.] 1999, no pet.).[6]

As a result, when a brief has no substantive argument, with appropriate citations to authorities and the record, the brief is insufficient and presents no basis for reversal. *See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015).[7] That is the case here for Lampley's redrawn brief.

Lampley has not corrected the deficiencies in her original appellant's brief, as directed by this Court, and has not filed a brief that even remotely complies with

---

[5] *Cf. Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (quotation omitted) (appellate court has "no obligation to construct and compose [an] appellant's issues, facts, and arguments with appropriate citations to authorities and to the record").

[6] *See also Roberts for Roberts v. City of Tex. City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not "abandon[ ] its role as judge and assum[e] the role of advocate for a party").

[7] *See also Johnson v. Harris Cnty.*, No. 01-18-00783-CV, 2020 WL 930835, at *3 (Tex. App.—Houston [1st Dist.] Feb. 27, 2020, no pet.) (mem. op.); *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 321–22 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

4

Rule 38.1. In this situation, "the court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief." TEX. R. APP. P. 38.9(a). The Court may also dismiss the appeal for want of prosecution. *Id.* 38.8(a)(1).

For all of the reasons above, we strike Lampley's redrawn brief, filed on May 16, 2023, prohibit her from filing another brief, and dismiss the appeal in all things.[8] *Id.* 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f).

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

---

[8] We note that Lampley filed two briefs on May 16, 2023. The first was entitled "Amended Reply Brief of Appellant" and the second was entitled "Appellant['s] Original Brief." The two briefs are substantively identical apart from the differing titles. Out of an abundance of caution, we strike both briefs filed on May 16.